<div style="text-align:right; font-variant: small-caps;">WINDSOR,<br>*February,*<br>1828.<br><br>Sargeant<br>*vs.*<br>Leland</div>

------~~⊙~~------

EBENEZER BREWER and RUFUS EMERSON *vs.* CHARLES STORY, SALLY STORY, and ELIJAH M. DAVIS.

<div style="text-align:right; font-variant: small-caps;">CALEDONIA,<br>*March,*<br>1828.</div>

If a writ of attachment be served by leaving a copy with the defendant, the service will operate as a summons, and is sufficient to hold the defendant to trial.

This was a writ of attachment in the common form, commanding the officer " to attach the goods, chattels or estate, of the defendants, to the value of five hundred dollars, and them to notify thereof according to law ; and for want thereof to take their bodies, if to be found within the precincts of the officer, and them safely keep and have to appear," &c.    The writ was served on all the defendants by the officer's delivering to each of them a true and attested copy thereof, with his return thereon.

At the trial in the county court the defendants pleaded in abatement,  " That said writ issued as an attachment, with directions to attach the goods, chattels, or estate of the defendants, &c. and that no service had ever been made of said writ by attaching any goods, chattels, or estate of the defendants, or by attaching the bodies of the defendants, or any of them." To this plea the plaintiff demurred.  The court adjudged the plea sufficient, and abated the writ.  The plaintiff appealed to the Supreme Court for a rehearing.

*Mr. Fletcher, for the plaintiffs.*—The service was good as a writ of summons, though it may be bad as an attachment to hold a lien upon property or bail.

1. The service of an attachment may be bad as such, but good as a summons ; as if copies be incorrect, or none left at the place required by law.

2. Service of summons by reading is good, though the law requires that it should be by copy.  1 *Swift's Dig.* 589.

Caledonia,
March,
1828.

Brewer et al.
*vs.*
Story et als.

*Mr. Story, for the defendants.*—The statute, *p.* 64, 65 says " writs of summons shall be served by delivering defendant a copy of the writ," &c. and when goods or chattels are attached, " a copy of the attachment, and a list of the property attached, with the officer's return thereon, shall be delivered to the defendant." This clearly implies that an attachment cannot be served but by taking some property or body, and in case of property, the object of a copy, and return, and list, is, to shew defendant what property is attached, as well as to give notice of the suit. So is the tenor of the writ, to take the property or body if to be found in the officer's precincts, and him notify according to law; otherwise, from the nature of the case, to make a *non est return.* This is a statute regulation, and the court are not authorized to say they will adopt another method of service, which, in their opinion, may answer as well. It would be dangerous in practice and arbitrary, and making law instead of construing law already made, and contrary to all analogy. The decision in 1 *Swift's Dig.* 611, that reading an attachment to defendant is good service to hold him to trial, may afford an argument for plaintiffs, but is probably the only authority to be found. The decision itself is evidence of the danger of deviating from the law, and exercising too great latitude of discretion.

PRENTISS, J. delivered the opinion of the Court. The question is whether the delivery by the officer of a true and attested copy of the writ of attachment, and of his return thereon, to each of the defendants, without an attachment of their goods, chattels, estate or bodies, is a sufficient service of the writ upon the defendants to hold them to trial.

The ordinary mode of process, in civil causes, within this state, is by writ of summons or attachment; and the form of each is prescribed by statute. As to the manner of serving the processes, it is provided, that the writ of summons shall be served by delivering to the defendant, or leaving at the house of his usual abode, a true and attested copy of the writ, with the officer's return thereon; and that when the goods, chattels, or estate of any person shall be attached, at the suit of another, a copy of the attachment, with a list of the articles or description of the estate attached, attested by the officer serving the same, shall be delivered to the defendant, or left at the house of his usual abode, as is directed in the service of a summons. It is further provided, that when the body of any defendant shall be taken on *mesne process*, in any civil action, it shall be the duty of the officer serving the process to deliver the defendant an attested copy thereof, if required.—

*(Comp. Stat. p.* 64, 66, *s.* 26, 28.*)* It is no where declared, that a writ of attachment shall, in any instance, be served by reading; nor is it expressed, or necessarily implied from any provision in the statute, that it cannot be served, otherwise than by attaching the property or body of the defendant. The writ contains a command to attach the goods, chattels, or estate of the defendant; and for want thereof, to take his body : but if the plaintiff is disposed to waive the right, which the writ gives him, to take either property or body, the defendant has no cause of complaint; and if he has notice of the suit by a copy of the writ delivered him, there is no good reason why the service may not be effectual as a summons, and sufficient to hold him to answer to the action. We find that it is held in *Connecticut,* where the mode of process is the same as here, that the service of an attachment, though bad as an attachment, may be good as a summons. —1 *Swift's Dig.* 611.—No sound reason can be assigned why it should not be so. It has been often decided, and is settled by long practice, that an acknowledgment of service on a writ of attachment is sufficient to hold the defendant to trial; and if that is so, it is difficult to see, why the service upon the defendants, in the present case, may not be effectual against them for the same purpose. A copy of the writ was delivered to each of the defendants, not only as directed in the service of a summons, but as would have been proper if the property or bodies of the defendants had been taken; and, on the whole, we are of opinion, that the plea in abatement is insufficient, and that there must be judgment of *respondeas ouster.*

<div style="text-align:right">Judgment accordingly.</div>

*Fletcher,* for plaintiffs.
*Story,* for defendants.