# BENNINGTON COUNTY.

## FEBRUARY TERM, 1837.

PRESENT, HON. STEPHEN ROYCE,                         
      " SAMUEL S. PHELPS,    *Assistant Justices.*
      " JACOB COLLAMER,

### ZALMON PRINDLE *v.* SAMUEL COGSWELL.

*Bennington,*
*February,*
*1837.*

A justice has no jurisdiction of an action for breaking and entering the plaintiff's close and taking and carrying away his horse, ' to his damage $100.'

This action was commenced before a justice of the peace, and went, by appeal, to the county court. The plaintiff declared against the defendant, for breaking and entering plaintiff's close and barn, and taking away his horse, of the value of ninety-nine dollars, and a rope halter, of the value of one dollar, and concluded to the damage of the plaintiff, one hundred dollars.

In the county court, the defendant moved that the action be dismissed, for want of appellate jurisdiction, in that court, of the cause of action. This motion was overruled. The defendant, then, pleaded the general issue, and a special plea in bar, that said horse and halter were taken, by virtue of a writ of attachment, duly issued, in favor of one John Botsford against the defendant. The plaintiff new-assigned another and different taking. There were further pleadings, terminating in a demurrer to plaintiff's sur-rejoinder. The county court rendered judgment for the plaintiff, and the principal question, reserved for the determination of this court, and the only one considered,

Bennington,
February,
1837.

Prindle
v.
Cogswell

was, whether the county court had appellate jurisdiction of the cause of action, as presented by the plaintiff's declaration.

*Sargeant & Miner, for defendant.*

This is an action of trespass upon the freehold. And although the declaration also alleges a trespass to personal property, yet this is not the gist of the action. 6 Jac. Law Dic. 290. 1 Chit. Plead. 176. 2 do. 429.

The term *close* is technical, and imports an interest in the soil. Every unlawful entering into a house, room, out-house or other building, or upon land, is a trespass to real property, or a *trespass upon the freehold,* within the meaning of the statute. 1 Chit. Plead. 173. 6 Com. Dig. 387. Stat. of Vt. 139, 140.

It would have been a sufficient answer to the declaration, to have shewn that it was not the plaintiff's close.

*M. L. Bennett & S. Swift, for plaintiff.*

The *ad damnum* in the writ corresponds, in amount, with the value, as alleged, of the personal property taken. From this it is evident, that, although the breach of the plaintiff's close is alleged, in form, perhaps, as a substantive injury, yet the plaintiff did not rely upon it as such. Such, too, seems to have been the construction put upon the declaration by the defendant. For he has left the breach of the close entirely unanswered, and has answered only as to the rest. This allegation, therefore, seems to have been intended by the plaintiff, and regarded by the defendant, as descriptive merely, to identify, beyond mistake, the trespass declared upon, by pointing out the exact place where committed. And this was the more necessary, inasmuch as the pleadings show a taking of the same property on, at least, two occasions.

The opinion of the court was delivered by

PHELPS, J. This action is, on the face of the declaration, trespass on the freehold. It alleges that the defendant broke and entered the plaintiff's close, &c.; and seeks to recover compensation for the injury. It is very clear that the plaintiff *may* recover for the injury to the freehold, and, if so, then the justice cannot try the whole cause, if he cannot take cognizance of that injury. And as the amount claimed exceeds the jurisdiction of the justice in such cases, it follows that he has no jurisdiction of the case. The matter here alleged, by way of aggravation, might have been alleged, substantially, as a personal tres-

pass; but it is not so. It is on the face of the declaration, *prima facie* at least, mere matter of aggravation, and whatever is a justification, as to the breaking and entering, *prima facie* defeats the action.

A new assignment might, indeed, avoid such a defence, as in *Hubbel* v. *Wheeler*, reported in Aikens. That was trespass upon the freehold, alleging, by way of aggravation, the seduction of the plaintiff's daughter. The plea was not guilty, with notice of a justification of the trespass, under a license to enter the house. The court held, that proof of a license to enter the house would defeat the action, were it not that the plaintiff might new-assign, abandoning the trespass on the freehold, and charging the seduction, as a substantive trespass, and had the same rights, under the notice, which he would have under a new assignment, had the justification been specially pleaded. But in this case the difficulty is, that, upon the face of the declaration, the justice had no jurisdiction, the action being trespass on the freehold, and the sum demanded being over twenty dollars. This want of jurisdiction can not be helped by plea to the action, or any after proceeding; because, the declaration shewing a case not within the jurisdiction of the court, it can not proceed at all.

If we consider this declaration as counting upon several trespasses, still the difficulty is not removed. If the court had no jurisdiction of the trespass upon the freehold, it does not help the jurisdiction to join a count in trespass, *de bonis asportatis*. We cannot distinguish between the damages claimed for one or the other.

Finally, if we sustain this action, we virtually repeal the limitation in the act giving the justice jurisdiction; for the party has only to include in his declaration something which might lay the foundation of an action of trespass to personal property, and, upon the plaintiff's doctrine, the justice would have general jurisdiction of the trespass upon the freehold.

Judgment of the county court reversed, and the action dismissed, with costs.