## Van Ness *vs.* Fairchild.

By a plea in bar to a *scire facias* against bail on mesne process, the defendant may
avail himself of a release by the plaintiff of his debt against the principal,
or a release to himself as bail; but cannot plead in bar, that the plaintiff af-
firmed to him that the debt against the principal was settled, as a release or
discharge; and can avail himself of such affirmation only by pleading that it
was made fraudulently, and with intent to charge him wrongfully with the debt
of the principal, and that he was thereby prevented from securing the princi-
pal in discharge of himself as bail.

CHIPMAN, Ch. J. delivered the opinion of the Court, first
stating the case.

This is a *scire facias* against bail on mesne process, setting
forth that the plaintiff, on the 6th day of July, 1810, prayed out a
writ of attachment of that date in his favor, against one Philip
Goodwin in an action of Book Account, directed to the Sheriff, &c.
and made returnable to the County Court then next to be holden at
St. Albans on the last Tuesday of August, 1810. And on the same
6th day of July delivered said writ to the Sheriff.—That the
Sheriff afterwards, to wit, on the 9th day of August, 1810, by vir-
tue of said writ, took the body of said Philip Goodwin, and on the
same 9th day of August aforesaid, the defendant, Fairchild, became

20

*Franklin,*
*December,*
*1813.*

*Van Ness*
*vs.*
*Fairchild.*

bail for the said Philip Goodwin, by endorsing his name on the said writ according to the statute in such case made and provided.— That said writ was duly returned and entered in Court, and that such proceedings were thereon had, that at a County Court holden at St. Albans, &c. the said C. P. Van Ness recovered judgment against the said Daniel Fairchild for the sum of $56 39 damages, and for the sum of $17 12 costs.—That execution was issued thereon, delivered to the Sheriff, and a *non est* return thereof made in due time to charge the bail.   To this the defendant, the bail, pleaded in bar, that after the commencement of said action against the said Philip Goodwin, by the said C. P. Van Ness, and after the said Daniel Fairchild had endorsed his name on said writ as bail as aforesaid, to wit, on the 11th day of August, 1810, the said C. P. Van Ness executed and delivered to the said Philip Goodwin a receipt in the words and figures following, to wit:—Received, August 11, 1810, of Philip Goodwin, a Note against James Godfrey for forty dollars, dated January 2d, 1807.   Now it is agreed and understood, that if the said Godfrey has no offset or defence against this note, so as to prevent the whole from being recovered, or if the said Goodwin shall hereafter do no act which shall prevent the whole from being recovered, or if the said Goodwin shall hereafter do no act which shall prevent me from receiving the whole amount of said note, it is to be in full of all accounts I have against said Goodwin.   At the same time, I am not to prosecute my action against said Goodwin until the note against Godfrey is decided. C. P. Van Ness.   And the said Daniel Fairchild being about to apprehend the said Goodwin on a warrant upon a bail-piece about to be issued agreeably to the statute, the said Goodwin then produced and delivered to said Fairchild said receipt, and the said C. P. Van Ness then affirmed to the said Fairchild, that said suit was settled and discharged, and that he was no longer holden as bail for the appearance of the said Goodwin.   In consequence of which affirmation of the said C. P. Van Ness and discharge as aforesaid, the said Fairchild omitted to arrest the said Goodwin as aforesaid.

To this plea there is a demurrer and joinder.

Every plea in bar must consist of a statement of facts properly connected and legally deduced to a single and sufficient point, sufficient to excuse, discharge or justify the defendant from and against the demand of the plaintiff.

*Franklin,*
December,
1813.

Van Ness
*vs.*
Fairchild.

The undertaking of bail on mesne process is not merely for the appearance of the principal to the plaintiff's writ, but that he, the principal, shall satisfy the judgment which shall be recovered against him, or render his body in execution. In an action like this against the bail, he may discharge himself by shewing a fulfilment of his engagement—that the judgment has been satisfied, or the body of the principal rendered in execution; or he may be exonerated by some delay or neglect of the plaintiff. The bail may also avail himself of a release : The plaintiff's right against the bail is of such a nature that the plaintiff may release it, without effecting his right against the principal. The death of the principal, before the return of the execution in the original action, will excuse the bail.— A surrender of the principal in due time will also exonerate the bail.

On endorsing the original writ, the bail is entitled to a bail-piece, on which he may at any time obtain a warrant to apprehend the body of the principal, and may thereon cause him to be committed to prison, for safe-keeping, that he may have the body to surrender in his own discharge; and the principal shall remain in gaol to that end, unless he procure new bail to the satisfaction of the Sheriff or the plaintiff in the action. Although the statute is silent on the subject, there cannot be a doubt but that such new bail will be a discharge of the original bail. The plea in this case contains no matter sufficient to discharge, excuse, or justify the bail in any of these modes. There is no averment of an actual or eventual discharge or satisfaction of the original demand. The point intended to be relied upon seems to have been the affirmation of Van Ness, the plaintiff in the original action, that his demand against Goodwin, the principal, was settled, and the bail discharged; in consequence of which affirmation, the defendant, the bail, omitted to apprehend and secure the principal. No discharge is alledged—no actual fraud; and the Court are of opinion they cannot infer either. As to fraud, could such plea be available in a Court of Law, in this case there is nothing in the plea from which it can be inferred. The affirmation appears to have been made with a view to the writing set forth, and must be explained and the meaning limited by that. But to examine the plea a little more particularly. The pleader was aware that to this *scire facias* the receipt could not be pleaded as a discharge of the debt against Goodwin.—Whatever might have

*Franklin,*
*December,*
*1813.*

Van Ness
*vs.*
Fairchild.

been its effect in the original action, it was now too late. It is a rule that nothing can be pleaded to a *scire facias,* which might have been pleaded to the original action. For this reason, probably the pleader did not attempt to plead the receipt according to its legal operation. Nor is it averred what legal effect it had : it is merely called a receipt, and set forth in *hæc verba.* Afterwards, in the plea, there is a reference to " the said discharge," and " the discharge as aforesaid," referring doubtless to the receipt; although it had not before been named a discharge or introduced as such ; nor could it have been with any legal propriety. The plea goes on, " and the said Daniel being about to apprehend the said Goodwin on a warrant upon a bail-piece about to be issued agreeably to the statute," that is, he was about to apprehend Goodwin when he should have obtained a bail-piece—probably to be issued on the writ which he had endorsed, for as to this the plea is silent; and when he had procured a warrant on that bail-piece, this is too loose. What follows as the closing point of the plea is still worse—in consequence of which affirmation of the said Cornelius P. and the discharge aforesaid, the said Daniel omitted to arrest the said Goodwin as aforesaid. But he had not shewn that he had any right or authority to arrest Goodwin. Take it the most favourably, he was only about to procure such authority. He has therefore shewn no more than that he had omitted to do that which he had no right to do, to arrest Goodwin. On what ground, or for what purpose the bail-piece was to be issued, is left to intendment. All reference to the attachment against Goodwin, defendant in the original suit, and the endorsement of that writ by the present defendant as bail for Goodwin, having been here omitted. On the whole, the plea is insufficient both in form and substance. There must therefore be

Judgment for the plaintiff.