RUTLAND,
*February,*
1841.

BENJAMIN F. LANGDON *v.* ALANSON DYER.

It is no cause of abatement that the writ issued as an attachment of the pro-
perty or body of the defendant, in an action on a contract made after the
first day of January, 1839.

ASSUMPSIT, on a promissory note, dated March 31, 1840,
for $129,69, payable to Francis Slason, or order, and by him
indorsed to the plaintiff. The writ issued against the goods
and chattels of the defendant, and, for want thereof, against
his body, and was served upon the defendant by attaching
his property.

The defendant pleaded in abatement, in substance, that,
by the laws of this state, the plaintiff was not entitled to
have a writ issue, upon the note in suit, against the body of
the defendant. To this plea there was a general demurrer
and joinder.

The county court decided that the plea was insufficient,
and that the defendant answer over, to which decision the
defendant excepted.

*R. R. Thrall,* for defendant.

The decision of the court below, was wrong in sustain-
ing the demurrer. To sustain this position, we cite the case
of *Cleft* v. *Hosford & Ruggles,* 12 Vt. R. 296.

Plaintiff *pro se.*

I. The statute of 1838, to abolish imprisonment for debt
on contracts, made after the first day of January, 1839, only
prohibits the arrest or imprisonment of the body for debt;
therefore, when a writ issues agreeably to the form and ex-
press provisions of the statute, and goods only are attached
it is not a matter of abatement. Statute of 1838, page 8.
1 Vol. Laws of Vt., page 64, chap. 7, sec. 25. *Id.* p. 315.

II. The statute of 1797 provides for issuing writs of at-
tachment against the goods of any person, and, for want
thereof, against the body. It also gives a form agreeably to
that provision. The act of 1838 only frees the body from
arrest and imprisonment. It gives no form, and does not
take away the right of issuing writs of attachment against

the body as well as property, and it cannot be taken away and a new form prescribed by intendment. 3 Mass. R. 195. Statutes above cited.

III. A writ of attachment against the defendant's estate, need not except property exempted, by law, from attachment, for the precept must be construed to extend to such property, only, as is by law liable to attachment, and if such exempted property is attached, the officer becomes a trespasser. So, if the body is arrested on a writ, issued on a contract, made and entered into after the first day of January, 1839, and directed as well against the body as the property, the officer becomes a trespasser. But if the body is not arrested, such direction is not a matter of abatement, but is to be treated as surplusage.

IV. The bill of exceptions does not state the action to have been founded on any contract, express or implied, entered into after the first day of January, 1839, and it does not follow that the date of the note is the time of the contract.

The opinion of the court was delivered by

COLLAMER, J.—The form for the writ of attachment was fixed by statute, and has never been changed. The statute of 1838, which exempted the body from arrest on contracts made after January 1, 1839, did not change the form of the writ, but qualified the mode of its service. It was long since holden that the writ of attachment, when served as a summons, was good as such. So, too, when served as an attachment of property, as in this case, it must be good as such ; for this was serving it according to its terms, when the other was not. In the case of *Cleft* v. *Hosford and Ruggles*, relied on by the defendant, the writ issued in a form never authorized by our statute, and was actually served both on the body of the defendant, and by attaching his property, that is, by taking his choses in action, and it was, therefore, abated. It is not now necessary to inquire whether, even if the defendant had been arrested, it would have been any ground of abatement.

Judgment affirmed.