## Charles Aiken v. Ivory Richardson.

An affidavit of a creditor that his debtor is about to *leave* the state, is not sufficient to warrant the issuing of an attachment against the body of the debtor, under the act exempting the body from imprisonment, in actions founded on contracts made after the first day of January, 1839.

A writ of attachment against the body, issued without the required affidavit, is void, and an arrest under it, illegal.

Acquiescence of the debtor, in such arrest, gives the plaintiff no right as against the bail, who may take advantage of the defect, by plea, in an action against him.

Scire facias against the defendant, as bail for one Ithiel S. Richardson, on two writs of attachment against him.

The defendant pleaded *nul tiel record*, on which issue was joined, and, on inspection of the record, found for the plaintiff.

The defendant further pleaded, that the original actions were founded on contracts made and entered into after the first day of January, 1839; and that the plaintiff did not, at the time of praying out his writs of attachment, file with the authority, issuing said writs, an affidavit, stating that he had good reason to believe that the said Ithiel S. Richardson was about to abscond from the state, and had secreted about his person, or elsewhere, money or other property. Replication, that the plaintiff did file such affidavit, concluding to the country.

On the trial, the plaintiff offered in evidence an affidavit of the plaintiff, filed with the justice, who issued the writ — of which affidavit, the part relied on by the plaintiff, as sustaining said issue, is as follows : " That in my belief Ithiel ' S. Richardson, now in Chester, in said county of Windsor, ' represented as late resident of Albany, in the state of New ' York, is about to leave this state; and that, from the ' best information I have, I verily believe that he has money ' secreted about his person, and is also possessed of goods, ' wares, and merchandize, as of his own property," &c. To the admission of said affidavit the defendant objected, and the same was rejected by the court. There being no other testimony, the jury, by direction of the court, returned a verdict for the defendant.

After verdict, the plaintiff moved the court to render judgment for him, notwithstanding the verdict, — which motion was overruled.

To the decisions of the court rejecting the said affidavit, and overruling the said motion, the plaintiff excepted.

*C. Coolidge,* for plaintiff.

1. Upon the question of the admissibility of the affidavit in evidence, it is contended that it is in substantial conformity with the requisitions of the act ; and, unless it be held that the very words of the act are to be inserted in the affidavit, it ought to have been admitted.

2. Under the motion for judgment, notwithstanding the verdict, the plaintiff insists that the defendant, who is bail, cannot avail himself of the matter pleaded. The authority issuing the writ may have erred; but the defendant in the original action, only, can complain.

The statute does not declare the arrest void, should the affidavit be false or be irregularly issued. At most, it is only voidable ; and that by the party arrested. The bail cannot avoid it and its consequences, otherwise than by surrender of the principal, so long as the latter remains liable to the arrest and to commitment. He can relieve himself only through the principal. *Fletcher* v. *Baxter,* 2 Aik. R. 224 ; *Wood* v. *Kinsman & Lamb,* 5 Vt. R. 558 ; *Champion* v. *Noyes,* 2 Mass. R. 483 ; *Sayward* v. *Conant,* 11 do. 146 ; *Harrington* v. *Dennie,* 13 do. 93.

*N. Richardson* and *J. Collamer*, for defendant.

I. The affidavit was essentially different from that required by the statute, as, "about to *leave* the state" is, in substance, quite different from "about to *abscond* from the state."

II. The plaintiff is not entitled to a judgment, *non obstante veredicto*, because —

1. The plea in bar shows both a legal and equitable defence to the *scire facias* — that the principal was illegally arrested, and, if surrendered in court by the bail, would have been discharged. The issue was not immaterial. Rev. Stat. 187, § 63 ; *Stearns et al.* v. *Marsh et al.*, 14 Vt. R. 303 ; Doug. R. 45 ; 1 Tidd's Prac. 152, new ed. 289; *Robertson* v. *Patterson*, 7 East, 405 ; *Wood* v. *Mitchell*, 6 T. R. 247 ; *Merrick* v. *Voucher*, do. 51 ; *Champion* v. *Noyes*, 2 Mass. R. 483 ; *Harrington* v. *Dennie*, 13 do. 93 ; *Van Ness* v. *Fairchild*, 1 Chip. R. 153 ; *Mattocks* v. *Judson*, 9 Vt. R. 343. This manner of making this defence available is consistent with our practice. It is not cause of abatement. We have no practice like that in England, where, for irregularity in indorsing for bail, there is a rule obtained to show cause for setting aside the bond, and entering nominal bail. Our practice has long been that of Massachusetts — that is, in *scire facias* against bail, to plead in defence, all matter which, in any form of practice in England, would discharge the bond or the bail. No other course, but by plea, can be taken in our justice courts.

The opinion of the court was delivered by

ROYCE, J. — The affidavit offered in evidence by the plaintiff, was correctly excluded. It neither proved the fact put in issue by the plea and replication, nor was it such as the statute expressly required. This is evident, unless it can be maintained that, within the meaning of the recent statute, being about to leave the state, and, to abscond from it, are to be regarded as equivalent or synonymous expressions. But it is clear that the latter expression should be applied in its popular and correct sense, — that which it has uniformly received under other statutes, especially the trustee act of 1797. In the construction of that act, an open and undisguised departure or removal from the state, was never allowed to have

the effect of absconding from it, so as to authorize a resort to the trustee process.

But the plaintiff moved for judgment *non obstante veredicto ;* and this leads to a different and more important view of the case. Such a motion is founded solely upon what appears to the court upon the record ; as where the cause of action is confessed by the defendant's plea, and a defence, radically defective, is set up. Willes' R. 360 ; 1 Sw. Dig. 779 ; 6 Cowen, 225. The record here consisted of the declaration, the pleadings, and the verdict ; the pleadings alleging, on the part of the plaintiff, that an affidavit of the requisite description was filed, but the verdict finding the contrary. It then stood, that the writs issued upon contracts made after the first day of January, 1839, without an affidavit, as required by the statute. The first inquiry, then, is, whether the writs, so far as they professed to authorize an arrest of the debtor, were void, or merely voidable. If they were void for that purpose, the arrests made under them may, as against the plaintiff at least, be treated as mere trespasses. And hence, for the purposes of this action, the defendant might well say, that, by endorsing the writs as bail, he acquired no legal control of his supposed principal, nor any legal power to surrender him. And this would furnish an ample defence to the present action. But if they were only irregular and voidable, then, as no measures were taken to avoid them, or to vacate the arrests, the defendant did acquire the usual rights of bail. In support of the latter proposition, the case has been likened to those where the party was entitled to a personal exemption from arrest. But we think the question should rather depend upon the intrinsic validity of the process in this instance. By the 63d section, chapter 28th of the Revised Statutes, the arrest or imprisonment of our own resident citizens, for contracts made after the first day of January, 1839, is, in general terms, prohibited. But this is qualified by a proviso, that a writ founded upon such a contract, may issue, as an attachment, against the body of the debtor, upon the filing of the affidavit there prescribed. There is, then, no longer any general authority in magistrates, or clerks, to issue writs upon such contracts, in the form of a *capias* against the person. The right only exists *sub modo* in a particular class of cases, and

is then derived from the proviso, in opposition to the enacting clause. It would, therefore, seem to result, that, without a compliance with the proviso, there can be no competent jurisdiction to issue such a writ. In this view of the case it becomes analogous, not only to the case cited in the argument, of *Adkins* v. *Brewer*, 3 Cowen, 206, but to many others, which have proceeded on the ground, that jurisdiction of the process was equally essential, as jurisdiction of the parties, and the subject-matter. In *Morgan* v. *Hughes*, 2 T. R. 225, it was decided that trespass might be maintained against a justice of the peace, who had issued a criminal warrant to apprehend the plaintiff, without a previous complaint on oath. In *Barker* v. *Braham & Norwood*, 3 Wils. R. 368, trespass and false imprisonment was held to lie against the creditor and her attorney, for having prayed out, and caused to be enforced, a writ of execution against an administratrix, as for her own debt, without any suggestion upon the record of a *devastavit*. The case of *Smith* v. *Bauchier et al.*, 2 Str. R. 993, is yet more directly in point. By the local custom, a debtor might be arrested upon mesne process, provided the creditor first made oath, that he *believed* the debtor would not appear to the action, but would run away. In that case, the creditor made oath that he *suspected* the the debtor would not appear, &c. And it was adjudged that the warrant to arrest was void, and that the plaintiff and magistrate were both liable in trespass and false imprisonment. To the same effect is the case of *Grumon* v. *Raymond & Betts*, 1 Conn. R. 40. In accordance with these and similar authorities, we are disposed to regard the arrests of Ithiel S. Richardson as illegal acts, from which the plaintiff can claim no benefit.

There is, however, another ground upon which the defence may be sustained. It will be perceived, upon inspection of the statute, that the proviso before mentioned applies, in terms, only to the original writ, or mesne process ; for that alone can properly be styled " a writ *on* a contract, *made* after the first day of January," &c. — which the *plaintiff* is to pray out, and which is to issue as " a writ of *attachment* against the body of the *defendant*." And hence it is only by implication from this and other parts of the statute, that a writ of execution, in any case falling within the 63d sec-

tion, can go against the body. When the original writ has properly issued, as a *capias*, under the proviso to that section, the execution is allowed to follow, in like form. This must have been intended by the legislature ; for otherwise, the right to arrest upon the first process would be but a vexatious and useless right.* But if the writ has not so issued, the execution must be governed by the general enactment of the section, since there is, then, no ground for implying an exception. Now if we admit that the acquiescence of the debtor so far validated his arrest upon the plaintiff's writs, as to give to this defendant, for the time being, a rightful custody of his person, and the power to surrender him, it does not follow that the present action should be supported. Courts are at liberty to consider the effect of surrendering the principal ; and if they perceive that it could be of no benefit to the creditor, they will not require it, but release the bail. This happens when the surrender cannot legally be followed by further proceedings against the body of the principal. *Trinder* v. *Shirley*, 1 Doug. 45 ; *Postel* v. *Williams*, 7 J. R. 517 ; *Kane* v. *Ingraham*, 2 Johns. Ca. 403 ; *Seaman* v. *Drake*, 1 Caines' R. 9 ; *Olcott* v. *Lilly*, 4 Johns. R. 407 ; 1 Johns. Ca. 28 ; *Laflin* v. *Fowler*, 18 Johns. R. 335 ; *Dunham* v. *Macomber*, 5 Wend. 113 ; *Russell* v. *Champion*, 9 Wend. 462 ; *Champion* v. *Noyes*, 2 Mass. R. 481 ; *Harrington* v. *Dennie*, 13 do. 93. It is true, that, according to the English and New York practice, the bail have to seek relief in such cases, by motion. But in Massachusetts and this state, any sufficient ground for discharging the bail is considered a proper matter to be pleaded. 2 and 13 Mass. R. above cited ; *Van Ness* v. *Fairchild*, 1 D. Chip. 153 ; *Mattocks* v. *Judson*, 9 Vt. R. 343.

The application of what has been said to the case before the court is sufficiently obvious. We are not to infer, from any thing appearing in the case, that the debtor has ceased to be a resident citizen of this state ; nor can his acquies-

---

* This intention was subsequently expressed. See act of 1843, (Pam. laws, No. 9. p. 8,) in which the word " writ," in the 63 Sec. Ch. 28 Rev. Stat. is declared to extend to, and include, writs of execution. —*Reporter.*

cence in the unauthorized form and service of the original writs, be held to legalize a mode of enforcing the judgments against him which the statute forbids. The plaintiff could, therefore, have derived no advantage from the surrender of the debtor, since he was not entitled to charge him in execution.                     Judgment of county court affirmed.