Bowman *v.* Stowell et al.

Jonas B. Bowman *v.* Josiah Stowell, Luther Stowell, Jr., and Ezekiel Glazier.

A writ, which improperly issues as an attachment against the body of the defendant, but which is not served by attaching his body, is not for that cause abateable.

In a plea in abatement for arresting the body of the defendants upon a writ founded upon a contract made since the first of January, 1839, it is necessary to allege, that the defendants were, at the time of the arrest, resident citizens of this state. It is not sufficient to allege, that they *are* such, at the time of filing the plea, nor that they are described, as such in the writ.

A plea in abatement cannot be aided by matters alleged in the writ, unless the writ is expressly referred to in the plea.

Where the declaration, in an action upon a promissory note payable to a third person, or bearer, omitted to state the character, in which the plaintiff held the note, or brought the suit, it was held, that the county court might permit the plaintiff to amend, by inserting in his declaration an averment, that he was bearer of the note and sued in that capacity.

Assumpsit upon a promissory note for $246,70, dated August 3, 1841, and made payable to Josiah Stowell, or bearer;—but it was not alleged in the declaration, in what capacity, or by what right, the plaintiff brought the suit. The writ bore date March 17, 1847, and issued as an attachment against the bodies of the defendants, describing them as of Londonderry in this state, and was served by attaching the body of the defendant Glazier, but not by attaching the bodies of the other defendants.

The defendants appeared and pleaded in abatement, " That the
' said defendants are all resident citizens of this state ; that the note
' described in the plaintiff's declaration, and upon which his said
' writ issued, was executed and bore date long after the first day of
' January, A. D. 1839, to wit, on the third day of August, 1841; and
' that said writ was issued as a writ of attachment, as well against the
' bodies of the said defendants, as against their goods and chattels,
' and was served in part by attaching the body of the said Ezekiel
' Glazier, one of the defendants, when by the law of the land the
' plaintiff was not entitled to have such writ of attachment against

' the bodies of the defendants, nor to arrest their bodies, nor either ' of them, on such process." The plaintiff replied, that, previous to the issuing of the writ, his attorney filed his affidavit with the magistrate who signed the writ, stating that he had good reason to believe and did believe, that the said Glazier was about to abscond or remove from this state, and had secreted, about his person, or elsewhere, money, or other property, to an amount exceeding twenty dollars. To this replication the defendants, protesting that no such affidavit was filed, demurred.

The county court, April Term, 1847,—BENNETT, J., presiding,— decided, that the replication was sufficient. Exceptions by defendants.

The defendants then demurred to the declaration. The plaintiff then moved for leave to amend his declaration by filing a new count, in which it should be averred, that he was the lawful bearer of the note declared upon, and that he sued as such. To this amendment the defendants objected ; but the county court, April Term, 1848,— KELLOGG, J., presiding,—allowed it to be made ; to which decision the defendants also excepted.

Subsequently the defendant Josiah Stowell was discharged upon his plea in bankruptcy, and judgment was rendered in favor of the plaintiff against the defendants Luther Stowell, Jr., and Ezekiel Glazier.

*Walker & Kellogg* for defendants.

1. In order to entitle the plaintiff to sue out a *capias* against the bodies of all the defendants, it should have appeared in the affidavit, and should have been true in fact, that all the defendants were about to abscond and had property concealed. *Leach* v. *Wheeler et al. & Tr.*, 10 Vt. 239. *Aiken* v. *Richardson*, 15 Vt. 500.

2. The statute permits amendments of form only. Rev. St. 161, § 16. As the declaration was originally framed, no cause of action appeared in the plaintiff. *Norton* v. *Downer et al.*, 15 Vt. 569. The amendment, then, gives a cause of action, where none before was made to exist. It is well settled, that amendments, which change the form of action, or which introduce new counts for a new cause of action, not contained in the original declaration, will not be granted. *Carpenter* v. *Gookin*, 2 Vt. 495. 3 Mass. 208. 11 Ib.

242. The power of granting amendments is derived wholly from statute, and the statute confines amendments to matters of form only; and it may well be doubted, whether defects of form, even, are amendable, after demurrer. Rev. St. 161, §§ 15, 16. But here the defect must be matter of substance; as without the amendment the plaintiff must fail to recover. This writ is void, as between the present parties, for want of a material averment; and a void writ cannot be amended. *Burk* v. *Barnard*, 4 Johns. 309.

*P. H. White* and *W. C. Bradley* for plaintiff.

1. The form of the writ is that prescribed by statute, " as near as circumstances will admit." Rev. St., ch. 108. And it is no cause of abatement, that the writ issued as a *capias*, though the defendants were exempt from arrest. *Langdon* v. *Dyer*, 13 Vt. 274. Nor is there any well founded objection to the service. Abatement of the writ does not tend to secure the object of the statute exempting the body from arrest. *Booraem et al.* v. *Wheeler et al.*, 12 Vt. 311. The property of one defendant and the body of another may lawfully be taken on the same process; the attachment of the same individual by both body and property is all that is forbidden. *Cleft* v. *Hosford et al.*, 12 Vt. 296.

2. The amendment was properly allowed. " It is no fatal objection to an amendment, that it may enable the plaintiff to recover, when he otherwise cannot. Every *necessary* amendment does this." Collamer, J., in *Skinner* v. *Grant*, 12 Vt. 456. Any amendment, the only object of which is to set forth more perfectly the cause of action, without introducing a new cause, is allowable. The cause of action in this case was as clearly distinguishable from any and every other cause, as it would have been, had the declaration been perfect. The amendment only established the capacity of the plaintiff to maintain the action. *Skinner* v. *Grant*, 12 Vt. 456. *Anderson et. al.* v. *Brock*, 3 Greenl. 243. *Bucklin* v. *Ward*, 7 Vt. 195.

3. The plea in abatement is insufficient, in not alleging, that the defendants were resident citizens of this state at the time of the service of the writ.

Bowman *v.* Stowell et al.

The opinion of the court was delivered by

POLAND, J.   1. As to the replication to the plea in abatement. The writ issued against the bodies of all the defendants, but was served by attaching the body of the defendant Glazier only, and was served upon the other defendants as a writ of summons, or by attachment of their goods.   It is insisted by the defendants, however, that, as the affidavit, which was filed, only entitled the plaintiff to a *capias* against the defendant Glazier, and the writ in fact issued as a *capias* against all the defendants, the writ .was void; and the case of *Aiken* v. *Richardson,* 15 Vt. 500, is relied upon in support of this position.   But an examination of that case has satisfied us, that it does not support this idea.   That case was *scire facias* against the defendant, as bail for Richardson on a writ of attachment, on which his body had been arrested.   The plaintiff in that case filed an affidavit at the time of praying out his writ against Richardson, but not in conformity with the provisions of the statute,—so that the case was considered to be as if no affidavit had been filed.   The court held, that, therefore Richardson was illegally arrested, and that, as the plaintiff had no right to hold him to bail, the defendant could not be liable as bail.   Some general expressions of the Chief Justice, in delivering the opinion, " that the court had no jurisdiction to issue the writ," &c., are quoted, which alone might seem to countenance the plaintiff's doctrine; but on inspection of the whole opinion it is evident, that no such doctrine is intended to be advanced, or held, in the case, and, in commencing the discussion of that question, the Chief Justice states the question to be, " whether the writ in that case was void, *so far as it authorized the arrest of Richardson's body,* or not ;" and evidently his conclusions were intended to apply only to that extent.

In the case of *Langdon* v. *Dyer,* 13 Vt. 273, this court had directly held, that a writ, issued as an attachment against the body of the defendant, but not served by attaching his body, was not abateable for that cause, although it could not legally have been served by attaching his body.   It is hardly to be supposed, that so recent a case was intended to be overruled, as no allusion is made to it, either by court or counsel.

2.   The statute enacts, that " no person, who is a resident citizen of this state, shall be arrested," &c.   It would of course be neces-

sary, in order to make a valid plea in abatement, grounded upon this statute, for the defendants to allege, that they were, at the time of the arrest, "resident citizens of this state." This plea contains no such allegation. It alleges, that "the defendants are resident citizens of this State;" but this allegation in terms applies to the date of the plea, and not to the time of issuing the writ, or of service upon the defendants. The defendants might have been resident citizens of the state at the time the plea was filed, and not have been so at the commencement of the suit.

It is said, however, that the plaintiff, in his writ, described the defendants, as living in this state. But it by no means follows, that, because the defendants are described in the writ as of Londonderry in this state, they are resident citizens of the state; as it is customary to set up transient persons as of the place where they may happen to be at the time of bringing the suit. But however this may be, it cannot help the plea, which must stand good by itself, and cannot be aided by facts alleged in the writ, or declaration, unless expressly referred to,—which is not done in this case. Under the strict rules, which have obtained in relation to pleas in abatement, we think this plea must be regarded as fatally defective.

3. The remaining question is in relation to the amendment, which the county court permitted the plaintiff to make in his declaration. The question for us to decide is, whether the county court had the power to permit the amendment, or not; for if it was within the legal power of the county court, we cannot revise their exercise of it; for that was a mere discretion, which is not the subject of error.

In the case of *Carpenter* v. *Gookin,* 2 Vt. 495, the county court permitted the plaintiff to strike out his original declaration, which was in *assumpsit,* and insert a new declaration in *trover,*—thereby changing not only the form of the action, but changing it from an action *ex contractu* to *ex delicto.* This court held that to be an amendment not in the legal power of the court below to grant. In the case of *Emerson* v. *Wilson,* 11 Vt. 357, the suit was originally brought before a justice in the name of Emerson & Godfrey, and the justice permitted Godfrey's name to be struck out, so as to leave the suit in the name of Emerson alone. It was held by this court, that such amendment could not be made. These decisions have established,

40

in this state, that amendments cannot be allowed, which change the parties, or the cause of action; and various decisions would seem to have established the corollary to this rule, that the court have power to allow any amendment, which does not change the parties, or cause of action, unless it be some statute requisite in relation to the process itself.

It has been a very uniform practice in this state, to permit any amendments of declarations, either by correcting defective counts, which otherwise would be bad on demurrer, or to permit new counts to be added in different form, counting upon the same cause of action;—and even where a declaration contained counts, which could not legally be joined, amendments have been permitted by striking one out of the declaration. In the case of *Skinner* v. *Grant,* 12 Vt. 456, which was an action for slanderous words spoken of the plaintiff as a minister, and the words alleged to have been spoken of him were actionable only by reason of being spoken of him in his capacity, or profession, the court permitted an amendment to be made, to show the words to have been spoken of him in his ministerial character,—without which amendment the action clearly could not have been sustained.

In the present case no new cause of action was introduced by the amendment, and no change of parties to the suit. The declaration, as originally drawn, omitted to state the character, in which the plaintiff held the note, or brought the suit; and the declaration was of course subject to demurrer. But we think the case of *Skinner* v. *Grant,* went much farther, than we are required to go to sustain this amendment.

We find no error in the judgment of the county court, and their judgment is affirmed.