GEORGE W. GRAVES *v.* CHARLES W. SEVERENS.

*Pleading. Trover. Trustee Process.*

In an action *ex delicto* the writ, after the declaration, proceeded in the usual form of a summons to a trustee named, and was served on the defendant as an attachment, but no service was made, or attempted to be made, on the trustee. *Held,* that the addition of the trustee part was no sufficient ground for a dismissal of the suit, that part of the writ being regarded as mere surplusage.

A suit is not regarded as "commenced by trustee process," unless that process is used to bring the trustee into court as a party to the suit.

TRESPASS ON THE CASE. After the declaration the writ proceeded in the usual form of a summons to Joseph Smith, trustee, &c. It was served upon the principal defendant as an attachment, but no service was made, or attempted to be made, on the trustee.

Upon motion of the defendant's counsel to dismiss the suit, on the ground that the action was *ex delicto* and was commenced by trustee process, the court at the April Term, 1864, BARRETT, J., presiding, *pro forma* sustained the motion, and adjudged that the suit be dismissed,—to which the plaintiff excepted.

*J. D. Bridgman* and *H. E. Stoughton,* for the plaintiff.

*C. B. Eddy,* for the defendant.

KELLOGG, J. We have no doubt that this action is, both in form and substance, an action *ex delicto,* and that, as it is not an action "founded on any contract," it could not be "commenced by the trustee process," under the provisions of the statute. (G. S., p. 305, § 1.) The writ was served on the defendant as an ordinary writ of attachment, but no service was made, or attempted to be made, on the trustee named in it. We do not think that a suit should be regarded as "commenced by the trustee process," unless that process is used to bring the trustee into court as a party to the suit. No service having been made on the trustee in this case, he was not a party to the suit, and no trustee process against him could be considered as pending in court. That part of the plaintiff's writ in respect to the trustee should, consequently, be treated as being merely surplusage ; and, as such, it may properly be rejected or stricken out. The case is unlike that of *Ferris* v. *Ferris & Trustee,* 25 Vt. 100, because, in that case, the trustee process was used by service thereof

on the trustee. It has been held in this court that a writ of attachment, if served as a writ of summons, will operate as such, and be sufficient to hold the defendant to bail, although these writs are different in form, and are recognized in the statute as distinct precepts; and it has also been held that a writ which improperly issues as an attachment against the body of the defendant, but which is served as a writ of summons or by attachment of property only, is not for that cause abatable. *Brewer et al.* v. *Story et al.*, 2 Vt. 281; *Langdon* v. *Dyer*, 13 Vt. 273; *Bowman* v. *Stowell et al.*, 21 Vt. 309.

Judgment of the county court (by which the suit was, *pro forma*, dismissed,) reversed, and the defendant's motion to dismiss overruled, and the case remanded to the county court for further proceedings.