## Jason Chadwick v. William Batchelder.

### Jurisdiction of Justices of the Peace.    Costs.

In trespass before a justice of the peace, the declaration contained two counts; one, *quare clausum;* the other, *de bonis;* and the *ad damnum* was twenty-five dollars. *Held,* that the justice had no jurisdiction of the action.

Where the defendant interposed a motion to dismiss for want of jurisdiction after he had pleaded to issue and a verdict had been rendered against him, upon which he prevailed in the supreme court, he was allowed costs in the supreme court only.

TRESPASS, commenced before a justice of the peace, and appealed to the county court. The first count was for breaking and entering the plaintiff's dwelling-house, and taking and carrying away a secretary therefrom, of the value of twenty dollars, whereby the plaintiff and his family were greatly disturbed in the possession of said dwelling-house. The second count was for taking and carrying away a secretary of the same value. The *ad damnum* was twenty-five dollars. As to the first count, the pleadings terminated in a demurrer, on which there was judgment for the defendant, and exceptions by the plaintiff. Issue was

joined to the country on the second count, and trial by jury and verdict for the plaintiff, whereupon the defendant moved to dismiss the action for want of jurisdiction. The court, May term, 1873, BARRETT, J., presiding, overruled the motion, *pro forma*, and rendered judgment for the plaintiff on the verdict; to which the defendant excepted.

*Hunton & Gilman*, for the defendant.

In this case the justice had no jurisdiction. Gen. Sts. 279, § 18; *Thompson* v. *Colony*, 6 Vt. 91; *Prindle* v. *Cogswell*, 9 Vt. 183; *Doubleday* v. *Marstin*, 27 Vt. 488. Therefore the county court had no jurisdiction. *Thompson* v. *Colony*, *supra*. The subject-matter of the first count shows the claim to be over twenty dollars. Jurisdiction cannot be gained by neglecting to plead, or by agreement of the parties. *Glidden* v. *Elkins*, 2 Tyler, 218. Nor by plea to the action, or any subsequent proceeding. PHELPS, J., in *Prindle* v. *Cogswell*, *supra*.

The defendant may raise the question of jurisdiction at any stage of the proceedings. *Thayer* v. *Montgomery*, 26 Vt. 491. In *Stoughton* v. *Mott*, 13 Vt. 175, and *Hefflin* v. *Bell*, 30 Vt. 134, it was after verdict. In *Cooley* v. *Aikens*, 15 Vt. 322, the question was first made in argument in the supreme court. *Richardson* v. *Denison*, 1 Aik. 210. The parties, by agreement and rule of court, may substitute a tribunal to try their cause instead of the court. Gen. Sts. 269, § 52. In *Maxfield* v. *Scott*, 17 Vt. 634, it was held that objection for want of jurisdiction, was waived by a reference under that statute; and the court put it on the ground, first, that the parties created the tribunal to try their cause, and second, that this is the effect of the statute.

*J. J. Wilson*, for the plaintiff.

Counts in trespass on the freehold and *de bonis*, may be joined at common law; and by statute, trover and case may be added thereto. 1 Chit. Pl. 200; *Parker* v. *Parker*, 17 Pick. 236; *Bishop et al.* v. *Baker*, 19 Pick. 517; *Alger* v. *Curry*, 38 Vt. 382; *Hager* v. *Brainard et als.* 44 Vt. 300; Gen. Sts. ch. 33, § 14. We insist that this contemplates a joinder of such counts,

and a separate verdict and judgment on such counts as are sustained by the proof. The law does not favor a multiplicity of suits. We insist that a justice may try a count in trespass on the freehold, when the matter in demand is five dollars, in the same suit with a count *de bonis*, and render a judgment of twenty-five dollars. The rule of damages shall be governed by the rule of law applicable to the count or counts on which the recovery is had. The count on the freehold is within the jurisdiction of the justice ; and it is only the general *ad damnum* to both counts, that the defendant claims objectionable. Does it appear from the whole record, that we are seeking by the first count to recover over twenty dollars ? If it does not clearly so appear, all intendments will be in favor of holding the jurisdiction. *La Point* v. *Scott*, 36 Vt. 635. It should be intended that the judgment of the justice was upon the last count.

The court had undisputed jurisdiction of the count upon which judgment was rendered ; and even if the court should find lack of jurisdiction of another count upon which no action was taken, it will not affect such judgment. *Haskell* v. *Bowen*, 44 Vt. 579. The statute provides that judgment shall not be arrested, where there are good counts in the declaration. Acts of 1865, No. 12. We admit that in actions of trespass on the freehold, the *ad damnum* is the test of jurisdiction ; but that rule applies only where the count on the freehold is the only count in the declaration, and not where other causes of action are joined. Where the sole cause of action is trespass on the freehold, and the *ad damnum* exceeds twenty dollars, the record shows it without the jurisdiction ; but when other counts are joined therewith, with a general *ad damnum*, it shows no such thing, and the intendment will be, to hold the jurisdiction until clearly disproved. The case of *Prindle* v. *Cogswell*, was one count, and the record clearly showed it without the justice's jurisdiction ; the remarks and reasons of the court were sound, as applicable to that case, but do not control this case, for the reasons given in that case do not exist here.

The defendant has had a full trial upon a count of which the court had jurisdiction, and unless the strict rules of law require it, judgment should not be arrested.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The first question discussed by counsel arises upon the motion to dismiss for want of jurisdiction. If this motion prevails, there will be no occasion to consider the other questions. The declaration contains two counts; the first is for trespass on the freehold, the second for taking personal property. The *ad damnum* is twenty-five dollars. The action was brought before a justice of the peace, and comes to this court by appeal.

Justices of the peace have jurisdiction in actions of trespass on the freehold, only when the sum in demand does not exceed twenty dollars. The *ad damnum* is a part of the plaintiff's declaration, and in actions of trespass on the freehold, determines the sum in demand and settles the question of jurisdiction. It fixes the amount which the plaintiff may recover if he recovers at all. Under the first count in the declaration, any court having jurisdiction could render a judgment for the sum of twenty-five dollars for the trespass on the freehold alone. This being so, it seems quite clear that the first count is for a cause of action wherein the sum demanded exceeds the jurisdiction of a justice of the peace. This difficulty is not obviated by the fact that the plaintiff has joined a count for a trespass that is within the jurisdiction of a justice. The court must have jurisdiction of the whole case as it stands on the face of the declaration, with power to render a judgment on the whole case, or any part of it, to the full amount of the plaintiff's demand, if the proof requires it. If the declaration shows a case that is not within the jurisdiction of the court, the court has no power to remedy the difficulty ; it cannot allow the *ad damnum* to be reduced, or the objectionable count to be stricken out; as to do so, the court must first have jurisdiction. The party himself could do that as well without the aid of the court as with it. For the same reason, no proceedings in the matter in the form of judicial proceedings, can aid the party, as the court has no right to proceed at all, and whatever is done, is of no avail for any legal purpose.

This doctrine was fully established in *Prindle* v. *Cogswell*, 9 Vt. 183, and has been followed ever since. The *pro forma* judgment of the county court overruling the motion to dismiss, is

reversed, and the cause dismissed. But as the defendant saw fit not to make his motion to dismiss at the outset, as he should, and proceeded to plead, and followed the case until there was a verdict against him, and as the statute that gives the court power to render a judgment for costs when a case is dismissed for want of jurisdiction, provides that the prevailing party shall be allowed his *reasonable costs,* we think it reasonable that the defendant should be allowed his costs in this court only.