WILLIAM ROY *v.* L. P. PHELPS.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 7, 1910.

*Process — Void and Voidable Process — Amendments — Illegal Process as to Part of the Counts—Effect—Jurisdiction— Want of Process—Effect—Defect in Service—Time of Motion to Dismiss.*

Under P. S. 2081, prohibiting, except as therein specified, the arrest or imprisonment of a resident of the United States "on mesne process on a contract express or implied," where a declaration, in an action on the case for false warranty in the sale of a horse, consisted of four counts, the second and third of which did not allege the *scienter,* and the writ issued as a capias and was served by arresting defendant's body, the court had no jurisdiction of the action, since the writ, being in violation of the statute as to the two counts lacking the *scienter,* was void at its inception, and, therefore, there was, in effect, an entire absence of process, which infirmity could not be cured by amendment or otherwise. *Langdon* v. *Dyer,* 13 Vt. 273, and *Bowman* v. *Stowell,* 21 Vt. 309, distinguished.

Voidable process is valid till attacked, and is amendable; but void process is an absolute nullity from the beginning, and is incurable.

Jurisdiction of the process is necessary to jurisdiction of the subject-matter.

A court that is without jurisdiction has no power to allow an amendment conferring jurisdiction, since that would be an exercise of jurisdiction.

After trial by jury an action will not be dismissed for a mere defect in the service of the writ.

CASE for false warranty. Heard on defendant's motion to dismiss, at the June Term, 1909, Caledonia County, *Miles, J.,* presiding. Motion granted, *pro forma,* and writ dismissed. The plaintiff excepted. Cause passed to the Supreme Court before final judgment. The opinion states the case.

*George W. Pike* and *Guy W. Hill* for the plaintiff.

If the claimed defect exists, plaintiff has the right to enter a *nolle prosequi* as to the second and third counts. *Jennings* v. *Newman,* 4 Term Rep. 348; *Fernald* v. *Garvin,* 55 Me. 417; *Noble* v. *Laley,* 50 Pa. St. 281; *Dean* v. *Cass,* 73 Vt. 314; *Posnett* v. *Marble,* 62 Vt. 481.

*Dunnett & Slack* for the defendant.

The court cannot split up a cause of action, assume jurisdiction of part of it, and discard the rest. *Caldbeck* v. *Simanton,* 82 Vt. 69, settled that the process is void as to the second and third counts, and that vitiates the whole. *Hill* v. *Whitney et al.,* 16 Vt. 461; *Ferris* v. *Ferris,* 25 Vt. 100; *Pringle* v. *Cogswell,* 9 Vt. 183; *Chadwick* v. *Batchelder,* 46 Vt. 724; *French* v. *Holt,* 57 Vt. 187; *Sanders* v. *Pierce,* 68 Vt. 468; *Carleton* v. *Taylor,* 50 Vt. 227.

POWERS, J. This is an action on the case for an alleged false warranty in the sale of a horse. The writ issued as a *capias,* and was served by arresting the defendant's body. The declaration contains four counts; the second and third are essentially like those in *Caldbeck* v. *Simanton,* 82 Vt. 69, 71 Atl. 881,—no *scienter* being alleged, the first and fourth contain an averment of the *scienter.* The defendant moved to dismiss the action on the ground that the second and third counts, being merely counts on contract (though tort in form), the action was improperly commenced by arrest and the court was consequently without

jurisdiction. The motion was sustained, *pro forma,* and the plaintiff excepted.

The plaintiff's argument proceeds upon the theory that the question presented is one merely of misjoinder. The fault, however, if it exists, lies deeper than that. It is fundamental and jurisdictional, and not a question of joinder at all. It is agreed that all the counts are in case; it is not denied that each is sufficient in form and substance; no question is made but that the subject-matter of each is within the jurisdiction of the court, when that jurisdiction is properly invoked; and it is conceded that all could be joined in one declaration, if the writ issued as a summons or attachment, merely. But it is insisted that the court had no jurisdiction, because on account of the character of the second and third counts, the writ was served upon the body of the defendant in violation of the terms of the statute,— P. S. 2081. If this declaration only contained these two counts, the case would be like the Caldbeck case, *supra,* and controlled by it. The scope of the decision in that case is that while assumpsit and case are concurrent remedies for the breach of a warranty in the sale of chattels, the real nature of the action in a given case is to be determined by its substance rather than its form or classification, and that when the action is brought in case, without alleging the *scienter,* it is tort in form only, and is contract in substance, and therefore cannot, in view of the statute referred to, be commenced by arresting the body.

It is argued that this case is to be distinguished from the Caldbeck case, because the first and fourth counts are of such a nature as to warrant the issuance of a *capias* and the arrest of the body, and that liberty to amend by dropping the objectionable counts could be granted and the case proceeded with on the others. Were it the mere case of a declaration containing two good counts and two bad counts, this could be done. But it is not. It is not even the case of a declaration containing counts a part of which are within and a part without the jurisdiction of the court,—though in one view it resembles such cases, of which we have several. *Chadwick* v. *Batchelder,* 46 Vt. 724, was an action brought before a justice of the peace. The declaration contained two counts,—one trespass *quare clausum,* the other trespass *de bonis.* The *ad damnum* was twenty-five dollars. The cause was dismissed on the defendant's motion made

after verdict. After alluding to the fact that the first count was for a cause of action wherein the sum demanded exceeded the jurisdiction of a justice of the peace, the Court said: ''This difficulty is not obviated by the fact that the plaintiff has joined a count for trespass that is within the jurisdiction of a justice. The court must have jurisdiction of the whole case as it stands on the face of·the declaration, with power to render judgment on the whole case, or any part of it, to the full amount of the plaintiff's demand, if the proof requires it. * * * * The court has no power to remedy the difficulty; it cannot allow the *ad damnum* to be reduced or the objectionable count to be stricken out; as to do so, the court must have jurisdiction.''

*French* v. *Holt*, 57 Vt. 187, was an action brought before a justice of the peace with a declaration in two counts. One was trespass on the freehold within the jurisdiction of the justice; the other was· case not within the jurisdiction of the justice because the title to land was concerned. It was held that the justice had no jurisdiction, and that he could not amend himself into jurisdiction by striking out the count in case.

*Heath* v. *Robinson*, 75 Vt. 133, 53 Atl. 995, is much to the same effect, though the motion in that case was only to dismiss the amended declaration, and the court went no further than it was asked to go and contented itself with holding that the new declaration ought to have been dismissed, and remanded the cause.

In another view this case resembles *Hill* v. *Whitney*, 16 Vt. 461, and *Ferris* v. *Ferris*, 25 Vt. 100, which were actions improperly brought by trustee process. It was held that they should be dismissed, rather than proceed against the principal defendant after the trustees had been discharged and the process amended.

Like these cases, the case in hand was commenced under a process which issued without authority of law. It was so defective as to be absolutely void, and we think this results from the holdings in *Pike Bros.* v. *McMullin*, 66 Vt. 121, 28 Atl. 876, *Aiken* v. *Richardson*, 15 Vt. 500, *Adams* v. *Whitcomb*, 46 Vt. 708, and *Caldbeck* v. *Simanton*, when correctly understood. Voidable process is valid until attacked; void process is an absolute ·nullity from the beginning. *Paine* v. *Ely*, N. Chip. 14. Voidable process is amendable, but void process is not. 32 Cyc.

531; *Durham* v. *Heaton,* (Ill.) 81 Am. Dec. 275. The court being without process was without jurisdiction, for jurisdiction of the process was necessary to a jurisdiction of the person or subject-matter. *Pike Bros.* v. *McMullin; Aiken* v. *Richardson.* It had no power to allow an amendment for that is in itself an exercise of jurisdiction. *Goodwine* v. *Barnett,* (Ind.) 28 N. E. 115.

We are aware that there is apparent difficulty in harmonizing this result with *Langdon* v. *Dyer,* 13 Vt. 273, and *Bowman* v. *Stowell,* 21 Vt. 309, in which it was held that a writ which improperly issues as an attachment against the body of the defendant, but which is not served by attaching his body, is not for that cause abatable. The first of these cases was decided in 1841; the last, in 1849. At those times there was in force, and had been for many years, a statute providing that writs of attachment might issue against the goods, chattels or estate of defendants, "and for want thereof, against their bodies." There was also a standard form of a writ of attachment established by statute in conformity with the one quoted, which ran against the property of the defendant and for want thereof against the body. The statute quoted continued in force until the adoption of the General Statutes in 1862, when it was so changed as to read as follows: "Writs of attachment may issue against the goods, chattels or estate of the defendant, and *in certain cases,* for want thereof, against his body. Gen. Sts. Ch. 33, sec. 2. The "certain cases" referred to were, of course, the cases in which it was lawful to arrest the body. In *Langdon* v. *Dyer,* Judge COLLAMER says: "The form for the writ of attachment was fixed by statute, and has never been changed. The statute of 1838, which exempted the body from arrest on contracts made after January 1, 1839, did not change the form of the writ, but qualified the mode of its service. * * * * In the case of *Cleft* v. *Hosford and Ruggles,* relied on by the defendant, the writ issued in a form never authorized by our statute * * *."

It is apparent that the real basis of this decision is the statutes referred to, which are now changed. The writ in that case issued in strict accordance with statutory authority and was in exact statutory form. *Bowman* v. *Stowell* follows the Langdon case, and notwithstanding the effort of the court therein to limit

the scope of *Aiken* v. *Richardson* to a holding that the writ
was void *so far as it authorized the arrest of the defendant's
body,* and in spite of the guarded language of the Court in
*Adams* v. *Whitcomb* and *Pike Bros.* v. *McMullin,* we do not think
the Bowman case and the Langdon case can, under our present
statute and in view of the reasoning of the Court in the other
cases referred to, especially the Caldbeck case, stand as authori-
ties to the contrary of the views herein expressed. Any other
view would reduce the fault in the Caldbeck writ to the grade of
a defect in service, only, which would not have warranted the
dismissal of the action after trial by jury.

We conclude therefore that there is no way to save this
action. The fault in the writ so vitally affects it in its intrinsic
validity that it is fatally defective,—a mere nullity, into which
it is impossible to breathe the breath of life by waiver, agree-
ment, amendment, or otherwise.

*Affirmed.*

Judge HASELTON regards the second and third counts merely
as insufficient counts in case, as no more founded on contract
than are the first and fourth,—no more than is any count in
case for deceit in a contract of sale; and he, therefore, dissents.