MILDRED HAYDEN, ADMX. *v.* CALEDONIA NATIONAL BANK.

February Term, 1941.

On Motion for Reargument, May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 13, 1941.

Opinion on Motion for Reargument filed June 27, 1941.

*Arthur L. Graves* for the defendant.

*Norbert J. Towne* and *Finn & Monti* for the plaintiff.

STURTEVANT, J. This is an action of contract brought by Earle C. Hayden against the Caledonia National Bank to Washington County Court. The defendant appeared specially and, after the time for dilatory pleading had expired, filed a motion to dismiss. This motion was denied and the plaintiff's motion to amend the writ was granted. The case is here upon the defendant's exceptions to the action of the court in denying its motion to dismiss.

Insofar as material here the United States Code, 12 U. S. C. A. § 91, provides that: '' * * * and no attachment * * * shall be issued against such association or its property before final judgment in any suit, action or proceeding, in any State, county, or municipal court.''

No question is made but that the word ''association'' as used in this statute includes the defendant National Bank.

The writ by which this suit was instituted was in the form prescribed by statute for writs of attachment but was served as a writ of summons.

The defendant's motion to dismiss was based upon the contention that the writ issued as an attachment and was therefore contrary to the provisions of the above quoted statute and that for this reason the court was without jurisdiction to proceed to a trial of the case.

Because of the provisions of P. S. 2081 (now P. L. 2170), prohibiting arrest in actions of contract except as otherwise provided, the question here is similar to that considered by this Court in the case of *Roy* v. *Phelps,* 83 Vt. 174, 75 Atl. 13.

That was an action on the case for an alleged false warranty in the sale of a horse. ''The writ issued as a capias and was served by arresting the defendant's body.'' The declaration contained four counts; the second and third essentially like those in *Caldbeck* v. *Simanton,* 82 Vt. 69, 71 Atl. 881, no scienter being alleged; the first and fourth contained an averment of the scienter. The defendant moved to dismiss the action on the ground that, as the second and third counts were merely counts on contract, though tort in form, the action was improperly commenced by arrest and the court was consequently without jurisdiction. The motion was sustained *pro forma* and the plaintiff brought the case here upon exceptions.

It was argued that that case was distinguishable from the *Caldbeck* case because the first and fourth counts were of such a nature as to warrant the issuance of a capias and the arrest of the body, and that liberty to amend by dropping the objectionable counts could be granted and the case proceeded with upon the others. In reply to this argument this Court stated: ''Were it the mere case of a declaration containing two good counts and two bad counts this could be done. But it is not. It is not even a case of a declaration containing counts a part of which are within and a part without the jurisdiction of the court,—though in one view it resembles such cases, of which we have several.'' The Court then proceeded to discuss *Chadwick* v. *Batchelder,* 46 Vt. 724; *French* v. *Holt,* 57 Vt. 187; and *Heath and Heath* v. *Robinson,* 75 Vt. 133, 53 Atl. 995:

In another view *Roy* v. *Phelps* was said to resemble *Hill* v. *Whitney et al. & Tr.,* 16 Vt. 461, and *Ferris* v. *Ferris and Trustee,*

25 Vt. 100, which were actions improperly brought by trustee process. It was found that each should be dismissed rather than proceed against the principal defendant after the trustee had been discharged and the process amended.

It was held in *Roy* v. *Phelps, supra,* 177, that the case was commenced under a process which issued without authority of law and was so defective as to be absolutely void. This holding is placed upon authority of *Pike Bros.* v. *McMullin,* 66 Vt. 121, 28 Atl. 876; *Aiken* v. *Richardson,* 15 Vt. 500; *Adams* v. *Whitcomb,* 46 Vt. 708; and *Caldbeck* v. *Simanton, supra.* The court being without process it was without jurisdiction. It had no power to allow an amendment for that in itself would be an exercise of jurisdiction. *Roy* v. *Phelps, supra,* 177, 178.

From the foregoing authorities it follows that the writ in the case at bar was issued without authority of law and was in violation of the federal statute hereinbefore quoted. The fault exists in the process itself and therefore the fact that it was not served as an attachment can not save the action. In *Roy* v. *Phelps, supra,* 178, 179, it is shown that the decisions in *Langdon* v. *Dyer,* 13 Vt. 273, and in *Bowman* v. *Stowell et al.,* 21 Vt. 309, cited by the plaintiff, resulted from the wording of the controlling statute as it then was. This statute has now been changed. It is true that the court has general jurisdiction to hear and determine this case but in order for it to exercise this power it is necessary that the process used to bring the parties and their case before it must be such as the law can recognize. *Howe* v. *Lisbon Savings Bank and Trust Company et al.,* 111 Vt. 201, 14 Atl. 2d. 3; *Roy* v. *Phelps, supra; Ford* v. *Smead,* 109 Vt. 129, 130, 194 Atl. 369; *Pacific National Bank* v. *Mixter,* 124 U. S. 721, 8 Sup. Ct. 944, 29 L. Ed. 221.

The plaintiff relies upon the case *Pacific National Bank* v. *Mixter, supra,* in support of his contention that the writ in question here was sufficient to give the court jurisdiction. An examination of that case shows the following facts:

Mixter and several others were each creditors of the Pacific National Bank of Boston. Each brought a suit against the bank in the Circuit Court of the United States for the District of Massachusetts. In each of these suits attachments were made before final judgment. These attachments were released by the bank executing a bond to each of the plaintiffs with one Coleman

and one Shepard as sureties in accordance with the provisions of Massachusetts law. This being done the bonds stood in place of the attachments as security to the plaintiffs. Certain assets of the bank were turned over to the sureties on the bonds to secure them against the liability they had assumed.

By statute in Massachusetts when these suits were brought civil actions were begun by original writ which might be framed either to attach the goods or estate of the defendant, and for want thereof to take his body; or it might be an original summons with or without an order to attach the goods or estate. Mass. Pub. Stat. 1882, c. 161, § 13, 14.

Soon after the attachments above mentioned the bank went into the hands of a receiver who appeared for the bank in these cases, filed motions to discharge the attachments and to dismiss the actions. These motions were denied and each case proceeded to a judgment for the plaintiff.

The receiver brought a bill in equity in the Circuit Court against the several attaching creditors and the sureties on the bonds given to dissolve the attachments, the object of which was to reduce to his possession the securities which were held by the sureties for their protection, and to restrain the several attaching creditors from enforcing the attachment bonds on the ground among others ''that the attachments made in said actions were unauthorized, illegal and void.'' This bill was dismissed by the Circuit Court and the case went to the United States Supreme Court for determination.

It was held that ''the attachments in all the suits were illegal and void, because issued without any authority of law.'' The sureties were held not to be liable on the bonds and they were left free to turn over to the receiver the securities of the bank which they held as protection against liability on the bonds. It was stated that these holdings would not affect the judgments which the creditors had obtained, any further than to limit their operation, so far as the receiver and the sureties on the attachment bonds were concerned, to the adjudication of the debts as claims entitled to dividends from the proceeds of the assets of the bank. The judgment in each of the law actions was affirmed and the decree in the equity suit was reversed and the cause remanded with instructions to enter a new decree in accordance with the views expressed in the opinion.

It appears that the basis of the decision in the above case in affirming the judgments at law was the wording of the Massachusetts statute then in force where in speaking of original writs it was stated "or it may be an original summons, with or without an order to attach the goods or estate." That is, the order to attach was considered as separate from the summons. When it was found that the order to attach issued without authority of law the summons was left in force.

Also, see *Posselius et al., Exrs.* v. *First National Bank-Detroit, Ernest Kern Company, Garnishee,* 264 Mich. 687, 251 N. W. 429, 90 A. L. R. 342. That was a suit against a National Bank in which garnishee proceedings were had. Both the garnishee and the principal defendant moved to quash the writ of garnishment upon the ground that the suit being against a national bank garnishee proceedings could not be instituted before judgment. The motions were granted and the writ quashed. Petition for writ of certiorari was denied by the Supreme Court of the United States, 292 U. S. 627, 54 S. Ct. 631, 78 L. Ed. 1481.

P. L. 1486 provides that: "The ordinary mode of process in civil causes in the courts shall be by writ of summons or attachment and substantially according to the form prescribed by law."

Also P. L. 1488: "Writs of attachment may issue against the goods, chattels or estate of the defendant and, in certain cases for want thereof, against his body."

P. L. 9111, form 2, sets out the form for a writ of attachment and form 3 of this section sets out the form for a writ of summons.

From the foregoing it follows that since the process by which the suit at bar was commenced, namely, the writ of attachment, issued without authority of law and was therefore absolutely void, nothing remains by which the court has authority to proceed in this case. That is, the court being without process it is without jurisdiction of the subject-matter and of the person of defendant. *Aiken* v. *Richardson,* 15 Vt. 500, 503, 504; *Pike Bros.* v. *McMullin, supra; Roy* v. *Phelps, supra; Howe* v. *Lisbon Savings Bank and Trust Company et al., supra.*

*Judgment reversed. The plaintiff's writ is dismissed with costs.*

### Upon Motion for Reargument.

The plaintiff has filed a motion for reargument. This motion is placed first upon the ground that the conclusion reached in the

36

opinion is contrary to that reached in the case *Pacific National Bank* v. *Mixter,* cited in the opinion (124 U. S. 721, 8 Sup. Ct. 944, 29 L. Ed. 221). However, the *Mixter* case is considered at length and it is shown why the result there reached does not control in the case at bar.

The plaintiff contends that in considering the case *Posselius et al., Exrs.,* v. *First National Bank-Detroit, Ernst Kern Co., Garnishee,* mentioned in the opinion, (264 Mich. 687, 251 N. W. 429, 90 A. L. R. 342) this court treated the writ of summons and the writ of garnishment as one process. This contention is not correct. As claimed by the plaintiff, apparently the process in that case was considered as being made up of two separate and independent parts, namely, the writ of summons and the writ of garnishment. As stated in the opinion, the latter was dismissed upon motion. The case apparently follows the reasoning in the *Mixter* case, and this same reasoning also applies to the case *Phelan* v. *Atlantic National Bank of Boston,* 301 Mass. 463, 17 N. E. 2d. 697, cited in the plaintiff's brief on motion for reargument.

The plaintiff also contends that the defendant is not in a position to claim in this Court that the county court was without jurisdiction to hear the case at bar. This contention is based upon the following facts.

It appears that after the writ in question had been returned to the county court, the plaintiff brought a second suit for the same cause of action, using as process in the latter case a writ of summons which was duly served and returned to the county court. This latter case was dismissed upon defendant's motion based upon the ground that the case at bar was pending in said court. The plaintiff contends that this action by the lower court amounted to a ruling that that court had jurisdiction of the case at bar and since it was not appealed from, right or wrong, the ruling stands.

There is no merit in this contention. If the court below did not have jurisdiction of the case at bar, it could not acquire jurisdiction by any ruling which the court might make in some other case and the defendant could raise this question of jurisdiction at any time. *Howe* v. *Lisbon Savings Bank & Trust Company et al.,* 111 Vt. 201, 14 Atl. 2d. 3, 6, and cases cited to this proposition.

*Motion for reargument denied. Let full entry go down.*