SEYMOUR *against* HAZARD.

1814.

SEYMOUR
v.
HAZARD.

*March* 3.

A WRIT of *ne exeat republica* cannot be granted for a debt due and recoverable *at law.* It is applied only to equitable demands. And *it seems* that it must not only be an equitable demand, but one in the nature of a debt actually due.

THE bill, which was for a *ne exeat,* and sworn to, *March* 3, 1814, stated, that the defendant, on the 22d of *October,* 1813, purchased of the plaintiff a house and lot of ground in *Hillsdale,* for 3,300 dollars, and for which he gave the plaintiff seven promissory notes, and a mortgage on the premises to secure the payment; that possession of the premises was immediately given to the defendant; that one of the notes would become due on the 15th of *April* next; that on the 20th of *January* last, the defendant clan-

Vol. I.                    A

1814.       destinely left the premises, having put another person, a
SEYMOUR.    poor man, in possession ; that the defendant declared that
   v.       he was about to remove out of the state, and did not mean
HAZARD.     to pay the notes.  It was also stated, that the defendant
            owed the plaintiff more than thirty dollars, and secreted
            himself to avoid the process of law issued for the recovery
            of that sum.   The plaintiff prayed a writ of *ne exeat*, that
            the defendant be compelled to give security, in the sum of
            7,000 dollars, not to leave the state.

            *E. Williams,* for the plaintiff.

            THE CHANCELLOR.    The writ of *ne exeat* cannot be
            granted for a debt due and recoverable at law.  As a gene-
            ral rule, it is applicable only to equitable demands.    (*Dick-
            en's Rep.* 82. 154. 503. 609.   *Amb.* 75.   2 *Atk.* 210.   10
            *Vesey,* jun. 165.)
                This objection applies equally to the debt of thirty dol-
            lars as to the demand on the notes ; and there is a further
            objection to granting the writ, as it respects the notes, that
            none of them appear to be due ; and there must be not only
            an equitable demand, but one in the nature of a debt actual-
            ly due.   (*Cook* v. *Ravie,* 6 *Vesey,* jun. 283.) (*a*)

                (*a*) Vide *Shaftoe* v. *Shaftoe,* (7 *Vesey,* jun. 171.) *Jones* v. *Sampson,* (8
            *Vesey,* jun. 593, 594.) *De Mandeville* v. *De Mandeville,* (10 *Vesey,* jun. 63.)
            *Haffey* v. *Haffey,* (10 *Vesey,* jun. 261.)