LEVI H. PARKHURST v. PEARSONS & BURNABEE, *Appellants.*

*Process.   Arrest of the defendant in an action on contract.*

The affidavit required by the statute (Laws of 1852, No. 3 p. 4) before a writ in an action on contract can issue against the body of the defendant, must be *left* with the authority issuing the writ, and put under his control.   It is not sufficient that it be merely sworn to before such authority.

APPEAL from the judgment of a justice of the peace.   The action was assumpsit.   The writ was served by arresting the bodies of the defendants.   The defendants plead in abatement, in substance, that the plaintiff's writ was founded on a contract made since January 1st, 1839 ; that the defendants were, at the time the writ was prayed out, resident citizens of this state ; and that neither before nor at the time of the issuing of the writ, did the plaintiff, or his agent, or attorney, file with the authority issuing the writ, the affidavit required by the statute in such cases, to authorize the arrest of the defendants.   This plea was traversed by the plaintiff, and the cause was tried by the court, at the June Term, 1856,— UNDERWOOD, J., presiding.

The plaintiff read in evidence an affidavit made by H. C. Wilson, his attorney, which was in substance as required by the statute. This affidavit was sworn to before the justice who issued the writ, previous to its service upon the defendants, but there was no evidence either from the affidavit itself, or from any other source, whether the affidavit was, or was not left with the justice who signed the writ.

The county court rendered judgment for the plaintiff, to which the defendants excepted.

*S. Sumner* and *J. H. Prentiss,* for the defendants.

*H. C. Wilson,* for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, J.   This is an action of assumpsit.   The original writ was issued against the bodies of the defendants, who plead in abatement, that there was no sufficient affidavit filed with the magistrate, as required by the statute to warrant the issuing of such

46

writ against their bodies. The facts found by the county court, do not show that the affidavit of Wilson, the attorney of the creditor, which was sworn to before the magistrate issuing the writ, was either filed, or left with such magistrate.

The statute requires that before any writ shall issue against the body of a debtor, the plaintiff, his agent, or attorney praying out such writ, shall file with the authority issuing such writ, an affidavit stating that he has good reason to believe and does believe that the defendant is about to abscond or remove, etc., etc. And the first question that arises on the bill of exceptions is, was the affidavit of Wilson so filed with the magistrate as to answer the requirements of the statute? The case shows that Wilson, the attorney, made the affidavit in this case, and swore to it before the magistrate who issued the writ. Is that such a *filing with* the magistrate as is contemplated by the statute? We think it is not. The term "file with the magistrate," as used in this statute, does not refer to any entry on the affidavit, or any act to be performed with it by the magistrate after he receives it. The plaintiff is to file it, and the only manner in which he can comply with this requirement, is by lodging the affidavit with the magistrate, and putting it under his control. This is what the statute clearly contemplates, and when this is done by the plaintiff, he is entitled to his writ against the body, and the magistrate is authorized to issue it, and this right is not to be affected by any disposition the magistrate may subsequently make of it. If the magistrate should destroy it (although it would be a highly improper act on his part), it would not affect the validity of the writ. But we think it an indispensable requisite, a condition precedent, to the right to the writ, that the plaintiff should leave the affidavit with the magistrate, subject to his control. The defendant has an interest in this, he has a right to know, on application to the magistrate, on what ground the writ was issued against his body, and an opportunity to judge of its sufficiency.

In this view of the subject, we think, to justify a judgment for the plaintiff, the court below should have found, affirmatively, the fact that the affidavit was filed or left with the justice signing the writ. As they have not done so, we think the judgment erroneous, and it must be reversed, and judgment rendered that the plaintiff's writ be abated.