## EBENEZER PHILLIPS v. OBADIAH WOOD.

### *Process. Arrest.*

It is sufficient in an affidavit for a *capias* in an action on contract to say that the affiant has reason to believe, and does believe, that the defendant is about to abscond or remove from the State, etc., etc. It is not necessary to state that the reason for such belief is a *good* one.

All that is requisite under that provision of the statute, which requires such an affidavit to be *filed* with the magistrate issuing the writ, is that it be left with the magistrate or lodged in his office.

A general averment in such an affidavit that the defendant has *goods, chattels or money* concealed about his person, or elsewhere, is sufficient. The affidavit need not specify what *kind* of property is concealed.

CASE against the defendant as sheriff of Washington County, for the default of his deputy, one Page, in permitting the escape of John Babcock from arrest on *mesne process.* Plea, not guilty, and trial by the court, in Washington County, at the March Term, 1858, — BARRETT, J., presiding.

The plaintiff introduced in evidence a writ in his favor against Babcock, containing a declaration in an action on contract, with the return of Page thereon as deputy sheriff; also the record of a judgment rendered in said action against Babcock at the March Term, 1856, of the Washington County Court; and an execution issued upon this judgment, which, it appeared, was delivered to Page within thirty days after the judgment was rendered, to be served and returned according to the precept therein, and was returned by him *non est* and wholly unsatisfied. It was proved by the plaintiff, among other things, that Page arrested Babcock upon the writ in said action, and afterwards suffered him to go at large, and that Babcock immediately absconded from the State, and has not returned.

The writ in that case was issued against the body of Babcock in virtue of an affidavit made by Zenas Wood, the plaintiff's agent to collect his claim against Babcock. The affidavit was as follows:

"I, Zenas Wood, agent for the plaintiff in this suit, on oath depose, testify, and say that I have reason to believe and do believe, that the said defendant is about to abscond or remove from the State, and has goods, chattels or money, to an amount exceeding twenty dollars, concealed about his person, or elsewhere."

This affidavit was, before the writ was issued, lodged by the plaintiff's attornies in the office of C. W. Willard, Esq., the justice of the peace who signed the writ. Mr. Willard testified that he did not recollect that the affidavit was delivered to him, or that he saw it till some time after the writ was issued, when, on inquiry being made for it, he searched and found it in the law office occupied by himself and partner, among his professional papers. He was in the habit of keeping his official files of writs and executions, issued by and returned to him as justice of the peace, in a certain pigeon hole in his desk in that office, but he

had no particular pigeon hole set apart for keeping such affidavits. The filing on the affidavit was in the hand writing of the clerk of the plaintiff's attorneys.

The defendant claimed that the writ was issued against the body of Babcock without due warrant of law, because the affidavit was defective in substance, and was not filed in compliance with the statute, and that, therefore, he was not liable.

But the court found from the evidence that the plaintiff was unable to collect his claim against Babcock, by reason of Page's neglect to hold him upon the arrest made by him, and overruled the defendant's objections to the sufficiency of, and mode of filing the affidavit, and rendered judgment for the plaintiff for the amount of his judgment against Babcock, and costs, to which the defendant excepted.

*O. H. Smith*, for the defendant.

*Peck & Colby*, for the plaintiff.

REDFIELD, Ch. J. There can be no question that the sheriff is liable to the amount of the execution, upon the facts found by the bill of exceptions, unless the affidavit, by virtue of which the execution issued as a *capias*, is defective, or not so filed as to be a compliance with the statute.

I. The objection to the form of the affidavit is, that it does not follow the words of the statute, in stating that the deponent has *good* reason to believe, but omits all qualification of the *reason* simply saying, " I have reason to believe and do believe." This, it seems to us, is not a material omission. Reason for belief must be good reason, or it is no reason. The idea that one will swear that he has reason to believe and does believe a thing, and not regard the reason for such belief a good reason, is certainly not to be entertained. The supposition is an impeachment of the deponent's fairness or capacity. The term good, in this connection, is synonymous with sufficient, and really adds nothing to the word reason.

II. It is objected, too, that the statute requiring the affidavit to be *filed* with the authority issuing the writ, requires some-

Phillips *v.* Wood.

thing more than depositing with such authority; that it is req-uisite that some written indorsement be made upon the paper, or at all events, that it be seen and recognized by such authority. .

This view would certainly be a fair ground of construction, if the magistrate issuing the writ had any discretion in the matter. But that is not the fact. The affidavit being made and left with the magistrate, the party is entitled to the writ, as matter of right. It seems, therefore, that depositing the writ with the magistrate is all that is fairly implied by *filing*. In popular language that is all which is understood by filing a paper in an office, or with the officer. It is putting it into the office permanently, for the inspection of all concerned. This secures to the alleged debtor all that the statute seems to contemplate. This being done in the present case, there is no defect on this ground.

III. It is said the affidavit should specify wherein the property, sworn to exist, consists; that, if the affidavit is fairly made, it will always be easy to do this. No doubt such a provision might operate beneficially in producing caution. But the statute contains no such requirement, and as it is not contemplated that any inquiry into the facts shall be had, founded upon the affidavit, we could not well require the affidavit to be more specific than the statute. We are unable to see why the affidavit is not a fair compliance with the statute.

Judgment affirmed.