# RUTLAND COUNTY,

[ Continued from *ante*, page 359.]

---

*Administrator of* Cyrus Whitcomb *v.* Orel Cook.

*Arrest. Affidavit. Magistrate. Statute.*

Where an affidavit, required to be filed with the magistrate upon issuing a writ of attachment and *capias*, was slipped under the magistrate's office door, who had previously signed the writ in blank, neither he nor any other person being in the office at the time, *it was held*, that the affidavit cannot be considered as filed with the magistrate, or put under his control, within the meaning of the statute.

It is the plain intent of the statute (§ 76, ch. 33, G. S.) and in accordance with the decisions of the court in the cases, *Phillips* v. *Wood*, 31 Vt. 322, and *Parkhust* v. *Pearsons*, 30 Vt. 705, that something more be required than the bare placing of the affidavit upon the premises of the magistrate, in order that a debtor may be arrested upon a writ procured against his body by such affidavit.

The affidavit should be brought to the knowledge of the magistrate before the writ issues, and should be left with him subject to the inspection of all concerned.

This was an action of trespass for false imprisonment and assault and battery, which was commenced by Cyrus Whitcomb in his life time ; he having died intestate after the entry of the action in this court, the case was prosecuted by his administrator. Plea, not guilty, with notice of special matter in defence. Trial by jury at the September Term, 1865, Kellogg, J., presiding.

The plaintiff introduced evidence showing that, on the 1st day of November, 1860, the intestate was arrested by a deputy sheriff of the county of Rutland upon a writ of attachment and *capias*, signed by and returnable before Martin G. Everts, a justice of the peace, of Rutland county, in favor of the defendant against the intestate and Lorain Whitcomb, the wife of the intestate, in an action of assumpsit for work and labor and medicine and medical treatment for the

37

said Lorain before her marriage to the intestate, and that, for want of bail, he was committed to the jail at Rutland by said sheriff; that the intestate was a native born citizen of this state, and that his arrest and commitment to jail were made pursuant to the directions of the defendant, who was present at the time when the arrest was made.

The defendant's evidence showed that, on said 1st day of November, 1860, the defendant made his affidavit in writing, in due form, and in all respects as required by the statute, as a preliminary to the procuring of a writ of attachment and *capias* against the intestate, and made oath to said affidavit before Warren H. Smith, a justice of the peace, and that Smith thereupon, as attorney for the defendant, made a writ in favor of the defendant against the intestate and his wife, by filling out a justice's writ which had been signed in blank by Everts as justice of the peace, and by inserting therein the necessary words to make it a writ of attachment and *capias* against the intestate; and that Smith then took the affidavit and writ, and went to Everts' office in Rutland, and found the same closed, and the door locked, and that, he not knowing Everts was out of town, but supposing that he was only temporarily absent from his office, slipped the affidavit into the office, under the bottom of the door, so that it was placed beyond reach from the outside, and then put the writ into the hands of the defendant, who had accompanied him to the office, and who took the writ and gave it to the deputy sheriff to be served; that said sheriff, by direction of the defendant, and by virtue of said writ, arrested the intestate and committed him to jail.

It appeared that when the writ was made, issued and served, Everts was absent from Rutland and in the town of Montpelier; that he did not return to Rutland until the evening of the next day after the writ was served, or the forenoon of the next succeeding day; that no person occupied his office during his absence; that on going to his office after his return he found the affidavit lying on the floor, from six inches to a foot from the door, and that he picked it up and read it, and laid it away among his business papers. Everts was a witness for the plaintiff on the trial, and it appeared from his

Adm'r of Whitcomb *v.* Cook.

testimony that the affidavit was in the usual form ; but that he had no knowledge of the affidavit or of the issuing of the writ until after his return. It also appeared that the defendant had no knowledge or information in respect to the absence of Everts at the time when the writ was procured by him and served on the intestate, but supposed that Everts was only temporarily absent from the office.

The court ruled and instructed the jury that the depositing of the affidavit in Everts' office, by Smith, the attorney of the defendant, in the manner and under the circumstances above stated, was not such a filing of the affidavit with Everts as was required by the statute to entitle the defendant to a writ of attachment and *capias* in his favor against the intestate, or as would be sufficient to justify the issuing of the writ upon which the intestate was arrested, or the subsequent arrest and imprisonment of the intestate. To this ruling and instruction to the jury the defendant excepted. The court gave to the jury such instructions on all other questions which arose in the case as were satisfactory. The jury returned a verdict in favor of the plaintiff for $28.56 damages.

*W. H. Smith*, for the defendant.

*R. R. Thrall* and *Dewey & Joyce*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This is an action for false imprisonment. The case shows that the plaintiff's intestate, Cyrus Whitcomb, was arrested and imprisoned upon a writ in favor of the defendant against him, issued by a justice of the peace for the county of Rutland, and commanding the arrest of his body.

The only question now made in the case is whether an affidavit had been filed with the authority issuing such writ according to the requirements of the statute, prior to its having been issued. The statute declares that no person who is a resident of this state, or of any other of the United States, shall be arrested or imprisoned by virtue of any *mesne* process, which shall issue on any contract, express or implied, made or entered into after the first day of January, 1839. Provided,

that if the plaintiff, his agent or attorney, praying out a writ on such a contract shall file with the authority issuing such a writ an affidavit, stating, etc., then "such writ may issue against and be served upon the body of the defendant.

From the language of the statute it is apparent that the legislature intended to require that the affidavit should be filed with the magistrate issuing the writ, before it should be issued. No question is made in the case but that the affidavit in this case was duly sworn to, and was sufficient in form and substance to warrant the magistrate in issuing the writ against the body. The only question is, *was it filed with the magistrate* before the writ issued? It appears from the bill of exceptions that the defendant went to his attorney to get a writ against the body of Whitcomb. The attorney had a blank justice writ that had been signed by the magistrate; this he filled out in proper form to make it an attachment against the body; he also made the necessary affidavit which was signed and sworn to by the defendant. They then went to the office of the magistrate to file the affidavit; finding the office locked and the magistrate absent, the attorney then slipped the affidavit under the door of the office and left it there. The defendant then delivered the said writ to an officer for service, who, on the same day, arrested said Whitcomb on said writ and committed him to jail. When the said affidavit was so put under the office door of the magistrate, he was absent from the county and had been for several days, and did not return until the next, or the next day but one thereafter, and then on going to his office found said affidavit on the floor, which was the first knowledge he had of the affidavit, or the issuing of the writ.

In *Phillips* v. *Wood*, 31 Vt. 322, it was held, that inasmuch as the party was entitled to his writ as a matter of right, on filing the requisite affidavit, the magistrate having no discretion in the matter, all that was fairly implied by the term "filing," used in the statute, was that the affidavit should be deposited with the magistrate, permanently, for the inspection of all concerned.

In *Parkhust* v. *Pearsons et al.*, 30 Vt. 705, it was held, that to comply with the statute in this respect, the affidavit must be left with the magistrate subject to his control.

Adm'r of Whitcomb *v.* Cook.

It is apparent from the language of the statute and the decisions above referred to that something more is required than the bare placing of the affidavit upon the premises of the magistrate, where it may, or may not, subsequently come to his knowledge. In this case the affidavit cannot be said to have been left with the magistrate or put under his control; neither the magistrate nor any other person having charge of the office, had any knowledge of its existence. It was not put into the office in the legitimate course of business; it was not put in the charge of any person having the right to be in the office, nor put among the files of the magistrate. It was forced in on to the floor of the office and left to be swept out the next time the room was subjected to that operation. This we think was not a compliance with the letter or the spirit of the statute.

I think that in all cases the affidavit should be brought to the knowledge of the magistrate before the writ issues, and should be left with him subject to the inspection of all concerned.

In *Phillips* v. *Wood,* it did not appear affirmatively that the magistrate saw the affidavit before the writ issued; the magistrate testified that he did not recollect about it; but from the circumstances, and the fact that it was found, in its appropriate place among his files, when sought for, some time afterwards, the inference naturally arises that it was left with him at the time the writ issued, in the absence of all evidence tending to show that it was not.

The party against whose body a writ has been issued has a right to know, on application to the magistrate who issued it, whether an affidavit has been filed, and if so, an opportunity to ascertain whether it is sufficient to justify the arrest.

This right would be of but little value, if the writ may issue without the magistrate's having any knowledge either of the writ or of the affidavit, and at a time when he is absent from home for an indefinite period, and the affidavit placed where no one can obtain access to it until the magistrate returns.

The judgment of the county court is affirmed.