### ABIJAH MUZZY v. RIVILO HOWARD.

*Scire Facias.    Bail.    Execution.    Arrest.    Affidavit.    Statute,*
*( Gen. Sts., p. 298, § 62, and p. 300, § 76.)*

In computing the sixty days from the rendering of final judgment within which execution must be returned in order to charge the bail under section 62, page 298 of the General Statutes, the day on which the judgment was rendered is excluded.

Where an arrest is irregular and void because no affidavit was filed as required by law, the bail may avail himself of the defect on *scire facias* against him.

It is necessary, under the statute, (Gen. Sts., p. 300, § 76,) that knowledge of the affidavit be brought home to the magistrate before he issues the writ against the body.

SCIRE FACIAS against the defendant as bail on mesne process. The original writ on which the defendant became bail was made on the 21st day of March, about nine o'clock A. M., and ran against the body of the debtor, Henry Howard, and was served immediately by an arrest.    The affidavit required in case of an arrest reached the justice the same day about eleven or twelve o'clock.    The defendant in that suit applied to the justice, under the statute, to have said arrest discharged, but the justice decided to hold him.

It appeared that all or nearly all of the writs of said justice were made returnable at Butler & Wheeler's office, and his files kept there before judgment was rendered in the cases; that this affidavit was kept at that office up to the time of the said hearing in the same room as his files were kept; that affidavits of this kind had been filed and kept in the same way as this was filed at Butler & Wheeler's office. This had been the custom.

It also appeared that said justice signed writs in blank which were kept by Butler & Wheeler, and were used by them and returned there, and kept till the return day; that after writs went into judgment the said justice carried them away with him. Judgment *pro forma* for the plaintiff, at the September term, 1867, BARRETT, J., presiding. Exceptions by the defendant.

The judgment on said writ was rendered May 14, 1866, and the execution thereon was issued on the same day, and was returned by the officer on the 14th day of July, 1866.

*H. H. Wheeler*, for the defendant, cited Gen. Sts., 298, § 62; *Glossington et al.* v. *Dickey et al.*, 3 East., 407; *Castle et al.* v. *Burdett et al.*, 3 T. R., 623; *Presbrey et al.* v. *Williams*, 15 Mass., 193; *Admr. of Whitcomb* v. *Cook*, 39 Vt., 585; *Aiken* v. *Richardson*, 15 Vt., 500.

*E. L. Waterman*, for the plaintiff, cited *Phillips* v. *Wood*, 31 Vt., 322; Gen. Sts., 298, § 62, 303 § 94; *Allen* v. *Carty*, 19 Vt., 65; *Clark* v. *Washburn*, 9 Vt., 308; *Paul* v. *Burton*, 32 Vt., 148; *Strong* v. *Edgerton*, 22 Vt., 249; *Ferris* v. *Smith*, 24 Vt., 27; *Davis* v. *Dorr*, 30 Vt., 97.

The opinion of the court was delivered by

PIERPOINT, C. J. This is *scire facias* against the defendant as bail on mesne process.

The first question made by the defendant is that the execution against the defendant, in the original action, was not returned by the officer who held it for collection within sixty days from the time the judgment was rendered in that action, as is required by the statute. The determination of this question depends upon

the question whether the day on which the judgment was rendered and the execution issued is to be counted as one of the days in computing the, sixty days.

The statute is, that when bail is to be charged,.the plaintiff " shall cause a legal return of *non est inventus* to be made on such execution within sixty days from the time of rendering such final judgment." Gen. Sts., 298, § 62, ch. 33.

By section 94 of the same chapter, it is provided " that personal property attached on mesne process shall be held to respond the judgment rendered on such process, thirty days from the time such judgment shall be rendered," etc. In section 95, it is provided " that the day on which the plaintiff shall, first by law without leave of the court, be entitled to an execution on any judgment, etc., shall be deemed the time of rendering such judgment in all cases, so far as relates to holding property attached on mesne process and the charging of any person as bail," etc.

It will be observed that the language used in these several sections, in respect to the period from which the time is to be computed, is the same, and the period fixed by the statute is the day on which the plaintiff is first entitled to an execution, whether the object is to charge the property attached or to charge the bail.

The question as to whether the day on which the execution issues shall be reckoned in determining the time within which property is to be charged, was before the court in *Allen* v. *Carty et al.*, 19 Vt., 65, and it was expressly decided that the day on which the execution issued should be excluded. The rule thus established has been universally adhered to by the courts and the bar ever since in all that class of cases relating to the charging of property attached on mesne process, whether real or personal, or the charging of bail. No good reason can be assigned for a different rule in one class of cases from that which prevails in the others. And the propriety of the uniform rule must be obvious to all.

We see no error in the ruling of the court in this respect.

But it is claimed that the arrest of the defendant in the original suit was illegal and void, because there was no affidavit filed with

the magistrate who issued the writ, as required by the statute, preliminary to the issuing of a writ against the body.

Upon the facts stated in the bill of exceptions, we think this objection is well founded. The existence of the affidavit was not known by the magistrate until after the writ was issued and served upon the defendant therein by arresting his body. It does not appear from the exceptions that the affidavit was even in Butler & Wheeler's office at the time the arrest was made, but it does appear that it did not reach the magistrate until two or three hours afterward. But conceding that the affidavit was placed in Butler & Wheeler's office prior to the issuing of the writ, we can not regard that as a compliance with the statute.

The statute requires the affidavit to be filed with the magistrate; in this case it was not left with him, or left at his office with a clerk, or at his usual place of business. Butler & Wheeler's office was not the office of the magistrate; he did most of his justice business there doubtless because most of the writs he signed emanated from that office and were made returnable there, and the writs were kept there after service because that was the place of trial, but after the trial the files were taken by the magistrate and kept elsewhere. The case in this respect is not as strong as that of *Whitcomb* v. *Cook*, 39 Vt., 585, and falls far short of *Phillips* v. *Wood*, 31 Vt., 322.

But we are inclined to go still further and hold that a knowledge of the affidavit should be brought home to the magistrate. This, we think, was contemplated by the statute. The magistrate certainly ought to know that the requirements of the statute have been complied with before he issues the writ against the body; he has no right to issue such writ without; and although he has no discretion in the matter when the statute has been complied with, yet it is his business to know that the affidavit has been filed and is sufficient. It is said that this imposes an inconvenience, and sometimes delay, to the plaintiff in the suit. Ordinarily it is not difficult to find a magistrate in any of our towns. And it is quite as inconvenient to the defendant to be arrested and delayed without sufficient and legal cause.

In this case, as there was no affidavit filed as required by the

statute, the arrest was irregular and void, and this defect the bail can avail himself of on *scire facias*. This was expressly decided in *Aiken* v. *Richardson*, 15 Vt., 500. ·

Judgment of the county court is reversed and judgment rendered for the defendant.