Hon. ASAHEL PECK,
Hon. HOYT H. WHEELER, } Assistant Judges.
Hon. JONATHAN ROSS,

---

## Mary S. Adams *v.* Daniel H. K. Whitcomb.*

### *Ne Exeat. Justification under Void Process.*

The writ of *ne exeat*, as at present used in this country, is a *mesne* process, issuing from the court of chancery, to hold a party to equitable bail, that he may not depart from the jurisdiction of the court, but be personally present to answer its decree against him, and can be properly issued only in those cases where the person of the defendant can be touched by the decree, either by attachment or on execution.

In trespass for. assault and battery and false imprisonment, *held*, that the defendant could not justify under a writ of *ne exeat*, issued upon his own petition, and upon which he caused the plaintiff to be arrested and imprisoned, but which was void because against a female.

TRESPASS for assault and battery and false imprisonment. Plea, the general issue, and notice of justification under a writ

---

* This case was decided at the February term, 1873.

of *ne exeat*. Trial by jury, December term, 1872, BARRETT, J., presiding.

On the 24th of February, 1871, a writ of *ne exeat* was issued against the plaintiff, by BARRETT, Chancellor, upon the petition of the defendant and his wife, which said writ the defendant, on said day, put into the hands of one Stimson, sheriff of Windsor county, with directions to serve the same according to the precept thereof, which he did by arresting the plaintiff, and, in default of bail, committing her to the common jail in said county. On the 27th of said February, the supreme court discharged the plaintiff from such imprisonment on *habeas corpus*, upon the ground that said writ could not lawfully issue against her, she being a female, and the foundation of the writ resting in contract. The defendant gave evidence tending to show, that in procuring said writ, and causing it to be executed as aforesaid, he acted under the advice of counsel learned in the law, and in good faith, supposing that he was in the exercise of his lawful right. The nature of the cause of action in the suit in which said writ was issued, is stated in the opinion.

The defendant requested the court to charge the jury, that if he acted in good faith and without malicious motive in procuring said writ and causing the same to be executed as aforesaid, the plaintiff could not recover. But the court refused to charge as requested, but charged, *pro forma*, that upon the evidence, the plaintiff was entitled to recover ; to which the defendant excepted.

*Sewall Fullam* and *W. H. Walker*, for the defendant.

The law prescribes that he who applies for a redress of grievances, and fails in his suit, either from want of merit, want of evidence, or want of jurisdiction in the tribunal whose aid he invokes, shall pay the legal costs ; and whether such tribunal has jurisdiction or not, it is empowered to render judgment for costs. Unless the suit is commenced *with malice*, and without *probable cause*, this is all the redress the party can have. If in this case the defendant is liable, it follows as a necessary corollary, that the chancellor, the sheriff, and the counsel, are also liable. It is

difficult to see, where all acted in good faith, why, in equity, those having the greater knowledge upon the subject, should not contribute to those who have the less, and pay the damages. The chancellor had jurisdiction of the parties and the matters involved in the bill, and judicially decided to grant the writ of *ne exeat* upon proper application and proof. The decision of the supreme court upon the *habeas corpus*, was a mere interlocutory proceeding, and has no force beyond its then present purpose ; and that has been fully executed. We therefore respectfully insist, that the writ was properly issued. Had the plaintiff obeyed its mandate and given bonds, she would still have had the same right of action she now has ; her bond would have been void, if the court had no right to order it, and all her rights would have been preserved without an arrest. If the chancellor had no right to grant the writ against a female, in assumpsit, he had no right to grant one against a male on a contract made since 1839, and that would virtually abrogate the writ. The chancellor had a right to order her not to remove, or to do any other reasonable thing for the promotion of justice ; and if she had the power to do it, and refused, she would be liable for contempt, as much as a man would ; and if unable to obey, she could have answered that, and had the order vacated or modified ; but she has no more right to set the order of the chancellor at defiance, than has a man. Warner's Beames *Ne Exeat,* 38 *et seq. ; De Carriere* v. *De Caloune,* 4 Vez. Jr. 577 ; *Porter* v. *Spencer,* 2 Johns. Ch. 169. This writ is in the nature of *equitable bail,* and the important rule is, that it will not issue for a demand upon which the party may be held to bail at law. Warner's Beames, 29 ; *Seymour* v. *Hazard,* 1 Johns. Ch. 1 ; *Nixon* v. *Richardson,* 4 Desaus. 108 ; *Attorney General* v. *Meeklow,* 1 Price, 289. This case cannot be distinguished from the attachment of property, where the suit is brought in good faith before a competent tribunal, and the plaintiff fails of a recovery. *White* v. *Dingley,* 4 Mass. 433 ; *Lindsay* v. *Larned,* 17 Mass. 190 ; *Stone* v. *Swift,* 4 Pick. 389. This declaration is substantially for a malicious prosecution, which always involves both malice and want of probable cause, and where either is wanting, no recovery can be had ; and the same rules of the law should

govern the decision here.   It would seem, if the defendant applied to the chancellor for the writ, submitted his allegations and proofs, and the chancellor granted the writ, that would be conclusive evidence of probable cause. *Hathaway* v. *Allen*, Brayt. 152; *French* v. *Smith et al.* 4 Vt. 363.   Even where the party acts under the advice of counsel, it has been held to be strong evidence of probable cause. *Turner* v. *Walker*, 3 Gill & J. 377; *Stone* v. *Swift*, *supra*.   The plaintiff, by changing her form of action from case to trespass, can gain nothing; for both must be governed by the same rules of law.

*Gilbert A. Davis*, for the defendant.

The plaintiff being a female, was exempt from arrest or imprisonment by virtue of any *mesne* process. which might issue in an action founded on a contract, from any court of this state.   Gen. Sts. ch. 33, § 75.   The writ of *ne exeat* was *mesne* process, 3 Bl. Com. [*279,] and bore evidence upon its face, that it was issued in an action founded on a contract; and that the plaintiff was a female, was apparent.   Since the passage of said section of the statute, there has been no general authority in the courts, magistrates, or clerks of this state, to issue a *capias* against a female in an action founded on contract. *Aiken* v. *Richardson*, 15 Vt. 500; *Admr. of Whitcomb* v. *Cook*, 39 Vt. 585; *Brackett* v. *Eastman*, 17 Wend. 32.   The chancellor had no authority to issue the. *ne exeat*; for the person of the defendant could not be touched by the decree, either by attachment or execution.   3 Dan. Ch. Pr. 1801, and cases cited; Gen. Sts. *supra*.   There was a full and complete remedy at law, and the debt was not an equitable debt.   2 Story Eq. Jur. § 1470.

The *ne exeat* was void on its face, was irregularly issued, and the defendant cannot justify under it, and trespass is the proper form of action. *Churchill* v. *Churchill*, 12 Vt. 661; *Admr. of Whitcomb* v. *Cook*, *supra*; *Smith* v. *Bouchier*, 2 Stra. 993; *Perkins* v. *Proctor*, 2 Wils. 386; *Entink* v. *Carrington*, 2 Wils. 275; 1 Salk. 347; Ld. Raym. 65; *Spergold* v. *Holloway*, 2 Stra. 1002, commented upon in *Barrett* v. *Crane et al.* 16 Vt. 255; *Bond et al.* v. *Wilder*, 16 Vt. 393; *Phillips* v. *Borin, et al.* 1 Stra. 509;

*Grumon* v. *Raymond*, 1 Conn. 40 ; *Brackett* v. *Eastman, supra.* Void *capias,* where a term intervenes between the teste and return, and party liable in trespass.  *Parsons* v. *Lloyd,* 2 W. Bl. 845 ; 1 Hilliard Torts, 228.   Though the court has jurisdiction, yet, if the proceeding is irregular, trespass against the attorney or party plaintiff, is the proper form of action.   1 Chit. Pl. 184.

In England, and here until the passage of the act of 1839, it is true, an action of false imprisonment would not lie for an arrest in a case where a person was *privileged,* as a party, witness, member of the legislature, &c., because, by the general law of the state, the defendant was liable to arrest, and could claim an exception only by showing his privilege.   Now, no authority exists to arrest, except in certain cases, and the plaintiff and his attorney must see to it, that the defendant is liable to arrest, before the direction to arrest is given.   *Brackett* v. *Eastman, supra.*

The opinion of the court was delivered by

Ross, J,   Were the facts set up in the defendant's notice and proved by him on the trial, a justification of the trespass and imprisonment complained of ?   This is the only question raised by the exceptions.   By § 75, ch. 33 of the Gen. Sts., it is enacted : "No female shall be arrested or imprisoned by virtue of any *mesne* process which shall issue in any action founded on contract, nor by virtue of any execution which shall issue on a judgment recovered in any such action."   This language is very comprehensive, and covers every possible action founded on a contract, whether at law or in equity.   From the bill in chancery, the petition for the writ of *ne exeat,* and from the writ itself, it is apparent that the sole foundation for issuing the writ, was an alleged contract by which the plaintiff agreed, in consideration that the defendant and his wife would not oppose the probate and establishment of a certain instrument as the last will and testament of Andrew R. Adams, deceased, to pay into the estate of Andrew R. Adams five hundred dollars, which sum, by the provisions of the will, would enure to the benefit of the wife of the defendant. The writ of *ne exeat,* as at present used in this country, is a *mesne* process, issuing from the court of chancery, to hold a party to

equitable bail, that he may not depart from the realm, or the jurisdiction of the court, but be present with his body, to answer any decree which the court of chancery may make in the case against him, and commanding the arrest and imprisonment of the defendant, if he or she fails to furnish such bail. It can be properly issued by the court, only in those cases where the person of the defendant can be touched by the decree, either by attachment or on execution. 3 Bl. Com. 213 ; 3 Dan. Ch. Pr. 1801 ; *Seymour* v. *Hazard*, 1 Johns. Ch. 1. On the petition of the plaintiff to this court for a writ of *habeas corpus*, the writ of *ne exeat*, relied upon by the defendant as a justification for the arrest and imprisonment of the plaintiff, was held to have been issued without authority, and against the statute heretofore named, and therefore void. It would seem to follow, logically, that a writ issued without authority, and for that reason void, could not be a justification to a plaintiff who procured and used the writ to make an arrest and imprisonment. It is now well settled, since the passage of the act of 1839, exempting males from arrest in actions founded upon contract, unless a proper affidavit is filed with the authority issuing the writ, that if a plaintiff procures and uses a *capias* against the body of a male citizen, in an action founded on contract, without having filed the required affidavit, or after having filed an insufficient affidavit, he is guilty of trespass for false imprisonment. *Aiken* v. *Richardson*, 15 Vt. 500 ; *Admr. of Whitcomb* v. *Cook*, 39 Vt. 585. In *Aiken* v. *Richardson*, the action was *scire facias* against the defendant as bail on two writs of attachment which had issued against the body of one Ithiel S. Richardson subsequently to the passage of the act of 1839, on an affidavit which did not fully comply with the requirements of the statute. If the writs were merely *voidable* because of the defect in the affidavit, the defendant, who was bail on the writs, could not avail himself of the defect in the affidavit, to exonerate himself from his liability as such bail. If, however, the writs, so far as they ran against the body of Ithiel S. Richardson, were void because of the defect in the affidavit, the defendant would be discharged from his liability as such bail. The court held the writs, so far as they authorized the arrest of the body of Ithiel S. Rich-

91

ardson, void, and that the act of arresting him on said writs, was an act of trespass. Judge ROYCE, after stating the substance of the statute, says : " There is, then, no longer any general authority in magistrates or clerks, to issue writs upon such contracts in the form of a *capias* against the person. The right only exists *sub modo*, in a particular class of cases, and is then derived from the proviso, in opposition to the enacting clause. It would, therefore, seem to result, that without a compliance with the proviso, there can be no competent jurisdiction to issue such a writ. In this view of the case, it becomes analogous, not only to the case cited in argument of *Adkins* v. *Brewer*, 3 Cow. 206, but to many others which have proceeded on the ground that *jurisdiction of the process* was equally essential as jurisdiction of the parties and the subject-matter." The learned judge then proceeds to cite several cases which support this doctrine, among which is *Grumon* v. *Raymond & Betts*, 1 Conn. 40, in which the authorities are reviewed at length, and concludes : " In accordance with these and similar authorities, we are disposed to regard the arrests of Ithiel S. Richardson as illegal acts, from which the plaintiff can claim no benefit." By " jurisdiction of the process," must be meant, jurisdiction of it in the particular case or class of cases under discussion. The magistrate issuing the writs on which Ithiel S. Richardson was arrested, had jurisdiction to issue writs of *capias*, but not to issue them in the particular cases in which he did issue them. It is claimed by the defendant that, inasmuch as the court of chancery has general jurisdiction to issue writs *ne exeat*, and on his application the court did grant the writ on which he arrested the plaintiff, he ought to be protected. But we are unable to distinguish this case in principle, from the case of *Aiken* v. *Richardson*, under the statute of 1839. In regard to females there were no excepted cases, as there were in regard to males, in which any court, however extensive its jurisdiction, could, by the exercise of discretion, or upon the filing of an affidavit in an action founded upon a contract, lawfully cause a female to be arrested and imprisoned. If the court of chancery had had jurisdiction of the process in this class of cases, but through an error of judgment, erroneously made use of it in the particular case,

the process would, doubtless, protect the party who procured and used it. We are unable to understand how the fact that the court of chancery has more extensive jurisdiction than a justice of the peace, can give any greater vitality or protective power to a party using it, to a process issued in a case in which the court has no jurisdiction of the process, than the same process would have had if issued by a justice of the peace under like circumstances. It is not the extent of the jurisdiction of the court, which gives to the process power to protect the party using it, but the fact that the court, having jurisdiction of the parties and the subject-matter, has also jurisdiction of the process. As the court of chancery had no jurisdiction of the process which it issued against the plaintiff, it cannot protect the defendant in causing the plaintiff's arrest and imprisonment.

Judgment affirmed.